James EASON, Appellant,

v.

Walter DUNBAR, California Director of Corrections, and Lawrence Wilson, Warden, California State Prison, Appellees.

No. 20938.

United States Court of Appeals Ninth Circuit.

Oct. 4, 1966.

James Eason, Tamal, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., of California, Robert R. Granucci, Horace Wheatley, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before MADDEN, Judge of the United States Court of Claims, and BARNES and ELY, Circuit Judges.

MADDEN, Judge:

This is an appeal from the denial by the district court, without an evidentiary hearing, of the appellant's petition for a writ of habeas corpus. The district court assumed that the facts alleged in the appellant's petition were true, but decided that the petition did not disclose a detention of the appellant in violation of his constitutional rights.

On January 3, 1947, the appellant pleaded guilty, in a Superior Court of the State of California, to two counts of first degree robbery. He was sentenced by the court to imprisonment "for the term prescribed by law." The "term prescribed by law," California Penal Code § 213, for first degree robbery was "not less than five years." The appellant's claim in this present proceeding is that his 1947 sentence was imprisonment for five years; that he learned, at some time after 1951, that the California authorities were regarding his sentence as a life sentence; that the California legislature in 1951 amended § 671 of the penal code to read, as it now reads, as follows:

> Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, punishment of such offender shall be imprisonment during his natural life subject to the provisions of part 3* of this code.

The appellant claims that he is now being held as a prisoner for life pursuant to the

* Part 3 contains the indeterminate sentence provisions of the code.

1951 amendment of Penal Code § 671; that that amendment, as applied to him, increased, *ex post facto,* his 1947 sentence of five years, to a life sentence.

If appellant's analysis of his situation were correct, it would present a case of an *ex post facto* statute. But his analysis is not correct. His sentence in 1947 was not a five year sentence. It was a life sentence. In 1935 in the case of People v. McNabb, 3 Cal.2d 441, 456–457, 45 P.2d 334, 341, the Supreme Court of California said:

> * * * a statute which prescribes a minimum sentence of not less than five years and with no maximum is in law a life sentence until and unless a court or executive board * * * remits a portion of the life term. This question was definitely settled by In re Lee, 177 Cal. 690, 171 P. 958, in 1918 and has been the pronounced law of the state since.

The 1951 amendment of Penal Code § 671 was, so far as concerned persons in the situation of this appellant, who were under the sentence prescribed by Penal Code § 213, "not less than five years," only a declaration of existing law. The amended § 671 did change the law by extending its life sentence feature to persons whose prescribed sentences were less than five years. As to persons in that category, the life sentence feature could only have been applied in cases of crimes committed after the 1951 amendment.

The appellant cites Lindsey v. State of Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182, where the Supreme Court held that a state statute enacted after the date of a crime, and making mandatory a sentence which was, by the statute in force at the date of the crime, discretionary, was an *ex post facto* statute, as to a crime committed before the enactment of the new statute. In the appellant's case, the sentencing court had no discretion at the time of sentencing in 1947. Penal Code § 671 as enacted in 1892 seemed to give discretion to the sentencing court. But Penal Code § 1168, enacted in 1917, had the effect of removing that discretion. People v. Stratton, 136 Cal.App.

201, 208, 28 P.2d 695 (1934); People v. Wells, 68 Cal.App.2d 476, 484–485, 156 P.2d 979 (1945). The appellant's reliance upon Lindsey v. State of Washington, supra, 301 U.S. 397, 57 S.Ct. 797 is not well founded.

The appellant does not urge that the 1951 amendment of Penal Code § 671 affected in any way the discretion of the California Adult Authority, under Penal Code § 3020, to "determine and redetermine" his sentence. That discretion still exists with regard to the appellant.

The district court was right in its dismissal of the plaintiff's petition for a writ of habeas corpus. The judgment is affirmed.