**Sammy WILLIAMS, Appellant,**

v.

**Walter H. DUNBAR et al., Appellees.**

**No. 21395.**

United States Court of Appeals
Ninth Circuit.

April 26, 1967.

Sammy Williams, in pro. per.

Thomas C. Lynch, Atty. Gen. of Calif., Robert R. Granucci, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before MADDEN, Judge of the United States Court of Claims, and BARNES and DUNIWAY, Circuit Judges.

MADDEN, Judge:

The appellant brought this suit in the United States District Court against the appellees, asserting against them claims for damages based on two sections of the Civil Rights Act, sections 1983 and 1985 of title 42, U.S.Code. The appellant asserted jurisdiction in the district court under 28 U.S.C. § 1343(3) and (4) and invokes this court's jurisdiction in this appeal under 28 U.S.C. §§ 1291 and 1915.

The facts out of which this damage suit arises will be briefly stated. In 1959 the appellant pleaded guilty, in the Superior Court of Los Angeles County, California, to a charge of assault with a deadly weapon. Judgment of guilt was entered against him on February 19, 1959, and he was sentenced to a California state prison. On September 5, 1959, he was paroled by the California authorities, but on August 29, 1961, his parole was revoked. He was again paroled on July 17, 1962, having signed

a document reciting the conditions of his parole. A Mr. Harris, an officer of the California Adult Authority, was designated as the appellant's parole agent. Harris is one of the appellees in the appellant's instant suit.

On August 13, 1962, Officer Harris arrested the appellant. The applicable California statute is § 3056 of the Penal Code of California. It says:

> Prisoners on parole shall remain in the legal custody of the department and shall be subject at any time to be taken back within the enclosure of the prison.

Harris reported to his superior, Nissen, who is also an appellee in the appellant's suit, and on October 2, 1962, the California Adult Authority cancelled the appellant's parole and he was returned to the state prison. In November, 1962, he was granted a hearing on the charge of violation of parole. The appellant denied the violation. The Adult Authority found that the violation had occurred, and confirmed the revocation.

The appellant, in this instant damage suit, alleges that his federal constitutional right to due process of law was violated by the state officers and agencies whom he made defendants in his suit, in the procedures which they followed in determining that he had violated his parole. His claim is that constitutional due process would have required that he be afforded a court hearing, with the rights to be represented by counsel, to confront and cross-examine witnesses and to have process to summon witnesses to support his denial of violation of parole.

If the appellant's contentions were valid, the use by the states and the federal government of the beneficent practice of releasing prisoners from the confines of the prison to the custody and supervision of parole officers would be impracticable and would have to be abandoned. The release from the confines of the prison would become substantially equivalent to the discharge of the prisoner from his sentence, and if, as in the instant case, the parolee denied either the fact of the violation or the legal sufficiency of the act alleged to be a violation of his parole, the prison authorities would be required, in a hearing before a judge, with all the concomitants of a non-jury criminal trial, to justify their resumption of in-prison custody of their prisoner.

■ The appellant's contention has been tested in many litigated cases and has always been rejected. We cite only a few of the cases. Richardson v. Markley (CA7, 1965), 339 F.2d 967, 969; Hyser v. Reed (1963), 115 U.S.App.D.C. 254, 318 F.2d 225, 233, cert. den. 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315; Jones v. Rivers (CA4, 1964), 338 F.2d 862, 874; Washington v. Hagen (CA3, 1960), 287 F.2d 332, 334; Gibson v. Markley (1962, S.D.Ind.), 205 F.Supp. 742, 743; Lopez v. Madigan (1959, N.D. Cal.), 174 F.Supp. 919.

■ The appellant's mere conclusory allegation that the decision of the California authorities that he had violated the terms of his parole was arbitrary and capricious does not raise a constitutional question. In its context in the papers which appellant has filed it is apparent that he means that it was wrong for the parole officer to conclude that the fact that someone had entered the home of the appellant's wife with a key and had destroyed hundreds of dollars worth of her clothes and personal belongings, while leaving the appellant's clothes untouched, and that the appellant had admittedly been in the home shortly after the destruction but had made no report to his parole officer of the existing and important event, could reasonably be regarded as indicating at least that the appellant was not cooperating with his parole officer's efforts to keep him out of trouble, and that it would be best for the appellant and the public for him to be confined. This kind of judgment is for the parole authorities, not for the courts.

■ The district court correctly held that the appellant's claims for defamation, false imprisonment and fraud presented no federal question.

The appellant's contention that the appellees did not file their answering brief in this court within the time limit set in the court's rule is unfounded. The brief was filed in time.

The order of the district court dismissing the appellant's complaint as to defendants Dunbar, Missen, Harris and the California Adult Authority is affirmed.