390 F.2d 585
 James EASON, Appellant,
v.
Fred R. DICKSON, Chairman, Adult Authority of the State of
California, RichardA. McGee, Administrator, Youth
and Adult Corrections Agency of the
State ofCalifornia, Appellees.
 No. 20303.
 United States Court of Appeals Ninth Circuit.
 Jan. 30, 1968.
 
 James Eason, in pro. per.
 Thomas C. Lynch, Atty. Gen. of State of Cal., Albert W. Harris, Jr., Ast. Atty. Gen., Edward P. O'Brien, Deputy Atty. Gen., San Francisco, Cal., for appellees.
 Before CHAMBERS, HAMLIN and KOELSCH, Circuit Judges.
 KOELSCH, Circuit Judge.
 
 
 1
 James Eason is a prisoner in a California penal institution. For present purposes we accept the following facts as true:[1] Eason was convicted on two counts of robbery in the first degree (Cal.Pen.Code 211, 211a) and was duly sentenced under the California Indeterminate Sentence law for the term prescribed by law, which is from five years to life. (Cal.Pen.Code 213; 1168; Eason v. Dunbar, 367 F.2d 381 (9th Cir. 1966)). He entered the California State Penitentiary at San Quentin on January 13, 1947. On January 13, 1954 he was released on parole by the Adult Authority, but on December 6, 1956 his parole was suspended; he was returned to prison and his term was refixed at the maximum-- life. On September 18, 1957 a parole violation hearing was held. Eason pleaded not guilty, but the Adult Authority refused to permit him to give evidence, to call witnesses or to have an attorney, and found that he had violated his parole, which was then revoked.
 
 
 2
 Eason then commenced this suit under the Federal Civil Rights Act (23 U.S.C. 1343; 42 U.S.C. 1981, 1983) seeking damages and injunctive relief against Fred R. Dickson, Chairman of the Adult Authority Board, and Richard A. McGee, Administrator of the Youth and Adult Corrections Agency of California. He made several contentions. First, he asserted that to revoke his parole without a proper hearing constituted a denial of due process and he asked for an injunction against the enforcement of Cal.Pen.Code 2924, 3060, 3063 and 5077. Second, he asserted that his 'terms as originally fixed could not legally or lawfully be refixed (Sections 3060 and 5077 of the California Penal Code) or relitigated as additional punishment. * * *' He asserted that such revocation of parole and refixing of his term amounted to 'multiple punishment' prohibited by Cal.Pen.Code 654.
 
 
 3
 In a petition accompanying his complaint, Eason requested that a three judge district court be convened to hear the matter, in view of the prayer for injunctive relief (28 U.S.C. 2281, 2284). In an order entered on October 14, 1964 the district court judge denied Eason's petition. On November 12, 1964 Eason lodged a notice of appeal from the 'Order of Denial of October 14, 1964.' Thereafter, defendants filed a motion for summary judgment, which the court granted on December 1, 1964, and final judgment was entered for defendant. /2/ Eason submitted no further notice of appeal.
 
 
 4
 We are confronted at the threshold with a question of the jurisdiction of this court. The order of October 14, 1964, denying convention of a three judge court, was not a final decision from which an appeal would lie (28 U.S.C. 1291); it did not terminate the litigation on the merits-- the usual test of appealability. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Rather the order constituted merely an interlocutory determination that Eason was not entitled to a three judge court. The district court still had to reach the merits of Eason's claims under the Civil Rights Act. Thus the district court, notwithstanding the filing of the notice of appeal, properly retained jurisdiction to act on the defendants' motions.
 
 
 5
 The question is whether the premature notice of appeal may be deemed applicable to the final decision. This court considered this question in Ruby v. Secretary of the United States Navy, 365 F.2d 385 (9th Cir. 1966) and concluded:
 
 
 6
 'Where, as here, the district court correctly determines that its jurisdiction has not been ousted by a purported notice of appeal because the latter was not taken from an appealable order, a notice of appeal directed to the nonappealable order will be regarded, as in Firchau (v. Diamond National Corporation, 345 F.2d 269 (9th Cir. 1965)), as directed to the subsequently-entered final decision.'
 
 
 7
 Ruby, supra, 365 F.2d at 389. In Firchau, supra, 345 F.2d at 271, the court suggested that the test was one of prejudice or its absence; that if the premature notice did not adversely 'affect substantial rights' of the prevailing adversary the appeal was saved; conversely, it would not be if substantial rights were thus impaired. See also Curtis Gallery & Library, Inc. v. United States, 388 F.2d 358 (9th Cir. 1967).
 
 
 8
 In the present case we believe that it is proper to treat Eason's notice of appeal of November 12, 1964 as a premature but effective notice of appeal from the final decision of December 1, 1964. Eason's notice of appeal does more than simply refer to the nonappealable order; its fourteen typed pages include a brief and argument directed to the supposed validity of the claim itself, a praecipe for a transcript and a petition for leave to proceed in forma pauperis; it may fairly be regarded as a manifestation by Eason (who was appearing pro se) of his intention to appeal from a ruling which he believed fully disposed of his claim. Nor is there anything in the record to suggest prejudice.
 
 
 9
 We turn to the merits.
 
 
 10
 Eason claims that the district judge should have convened a three judge court to hear his challenge against the California Penal Code sections. Eason asserts that section 2924 is 'unconstitutional because of its interpretation, application, enforcement, operation and execution. * * *' A three judge court, however, is required only in instances where the statute itself is attacked as unconstitutional, not when the complaint is directed at administrative failure or refusal to comply with the express provisions of a statute. See Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Phillips v. United States, 312 U.S. 246, 252, 61 S.Ct. 480, 85 L.Ed. 800 (1941). Moreover, section 2924 does not even apply to parole revocation, but rather only to good time credit revocation-- a matter which Eason did not put in issue in his complaint.
 
 
 11
 Eason attacks sections 3060, 3063 and 5077 as unconstitutional because they provide for parole revocation without a hearing. Section 3060 contains the relevant language which grants the Adult Authority 'full power to suspend, cancel or revoke any parole without notice * * *.' This court was asked recently to pass on the constitutionality of the California parole revocation procedure and the court concluded that: 'the appellant's contention has been tested in many litigated cases and has always been rejected (citations).' Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967).[3] A three judge court is not required where a cause does not present a substantial constitutional question. See Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853, 857-858 (2d Cir. 1960). We conclude that the district judge was not in error because of his refusal to convene a three judge court.
 
 
 12
 We likewise hold that the district court's entry of summary judgment was correct. As we noted above, the federal courts have already found that the California provisions for parole revocation do not present a substantial federal constitutional question.[4]
 
 
 13
 Eason also challenged the legality of the redetermination of his sentence to life and claimed that such redetermination constituted 'multiple punishment.' Both of his contentions were presented in the recent case of Sturm v. California Adult Authority, (9th Cir. 1967). In that case it was concluded that a term of imprisonment can validly be redetermined within the limits of the penalty for the conviction and that such action does not constitute a penalty. Sturm, supra. See also In re Larsen, 44 Cal.2d 642, 646-648, 283 P.2d 1043, 1045-1046 (1955), appeal dismissed, sub nom. Larsen v. People of State of California, 350 U.S. 928, 76 S.Ct. 312, 100 L.Ed. 811 (1956). Finally, Eason asserts that he was denied equal protection (42 U.S.C. 1981) because the Adult Authority did not comply with Cal.Pen.Code 2924. In his complaint, however, Eason made no suggestion either that he had good time credits or that they were cancelled. Rather, he appeared to believe that section 2924 should apply to all parole revocation hearings. This is clearly not the case, and we decline to consider a contention not urged in the court below.
 
 
 14
 We conclude that the trial court judge was correct in refusing to convene a three judge court and in granting a summary judgment for defendants.
 
 
 
 [1]
 Eason's pleadings are largely devoted to argument, statements of legal principles and a personal attack upon the defendants. His factual allegations are extremely sparse; many of the points he argues in brief are purely abstract
 
 
 [2]
 In addition, defendants made a motion to dismiss the action which was granted on the ground that the complaint failed to state a claim against defendants upon which relief could be granted
 
 
 [3]
 The status of this prisoner is unlike that of petitioner in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) whose sentence was 'deferred subject to probation.' Here, by contrast, sentence has already been imposed and the prisoner has been turned over to the Adult Authority. The distinction was well stated by the Oregon Supreme Court:
 'the judicial power of a court which acts on notice and hearing to suspend the pronouncement of sentence and award probation or thereafter to revoke the probation and pronounce sentence is clearly distinguishable from the power of an authorized administrative body to grant or revoke a parole. When a court suspends the pronouncement of sentence, the judicial process has not been completed. It remains in a state of suspense; not so in the case of a prisoner who has been sentenced and imprisoned.'
 Ex parte Anderson, 191 Or. 409, 424, 229 P.2d 633, 640, 230 P.2d 770, 29 A.L.R.2d 1051, 1060 (1951). See also Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968).
 
 
 [4]
 We do not say that a prisoner is without a remedy if the Adult Authority acts without information, fraudulently or on mere personal caprice when revoking parole. But Eason makes no such charge. As said in Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967): 'the appellant's mere conclusory allegation that the decision of the California authorities that he had violated the terms of his parole was arbitrary and capricious does not raise a constitutional question.'