**Archie STEWART, Plaintiff,**

v.

**Frank BUCHKOE, Leonard McConnell, and Gus Harrison, Defendants.**

**Civ. A. No. 5813.**

United States District Court
W. D. Michigan, S. D.

May 9, 1968.

Archie Stewart, in pro. per.

Frank J. Kelley, Atty. Gen., by James J. Wood, Asst. Atty. Gen., Lansing, Mich., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

FOX, District Judge.

This is a Civil Rights Action, brought under Sections 1981, 1983 and 1985, 42 United States Code. Plaintiff, Archie Stewart, is currently incarcerated in the Michigan State Prison at Marquette.

Defendants are members of the Parole Board, Michigan Department of Corrections.

On December 9, 1966, plaintiff was granted a parole. On August 27, 1967, plaintiff was returned to Michigan as a parole violator. On his return a hearing before the Parole Board was held. At that hearing the Parole Board determined plaintiff had violated the terms of his parole. Consequently, an order revoking his parole was entered.

Plaintiff alleges he was denied due process because he was not granted a public hearing regarding his parole violation. Plaintiff claims due process requires the Michigan Parole Board to grant him a public hearing.

Defendants claim there is no right to a public hearing guaranteed by the Constitution and laws of the United States on the question of parole violation; and that if such a right exists, it arises out of state law.

The case of Rose v. Haskins, 388 F.2d 91 (C.A.6, 1968), supports defendants'

position and controls the instant facts. Rose was a habeas corpus proceeding in which the petitioner alleged denial of due process because the Ohio State Parole Commission had declared him a parole violator without a hearing.

The District Court for the Southern District of Ohio denied his petition. On appeal the Sixth Circuit Court of Appeals affirmed, saying in part:

"It is axiomatic that the administration of the state's penal system is exclusively a state function under the reserved powers in the Constitution. The state may thus enact legislation defining what conduct constitutes a crime and fixing the sentence to be imposed upon conviction therefor and the manner in which the sentence shall be served. The execution of the sentence is within the authority of the state's executive department. The state is not required to provide for parole and, if it does, may stipulate its terms and conditions as well as the status of a parolee. Parole is a matter of grace in Ohio, * * *."

Apparently Ohio law has no provision for a hearing on parole revocation; the orders of the Parole Commission are final. Nevertheless, the court ruled this was not a denial of due process. It concluded:

"If too much power over state prisoners has been confided to the Parole Commission by the legislature, the reformation should be made by the legislators and not by the courts. Federal Courts cannot be expected to remedy all ills, real or imaginary, in the state's prison disciplinary procedures."

▮ From Rose, supra, it is clear that due process does not require a state to accord a parolee a public hearing on parole revocation. See also Williams v. Dunbar, 377 F.2d 505 (C.A.9, 1967).

It follows, therefore, that this cannot be the basis for a cause of action under the Civil Rights Act.

The right of which plaintiff claims he has been deprived arises out of Michigan law. M.S.A. 28.2310 provides:

§ 28.2310 Same; violation of parole; hearing, counsel, witnesses; subpoena, fees.] Sec. 40. Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state, he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board under such rules and regulations as the parole board may adopt. Upon such hearing such paroled prisoner shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself, and he shall have the right to produce witnesses and proofs in his favor and to meet the witnesses who are produced against him. If such paroled prisoner shall make it appear to the satisfaction of the board that there is a material witness in his favor within this state without whose testimony he cannot safely proceed to hearing and that such paroled prisoner is without funds and cannot obtain the means to procure the attendance of such witness at the place of hearing, the assistant director, having obtained the place of residence of such witness, shall have power to issue a subpoena to compel attendance of such witness, or any other witness. It shall be the duty of the officer to whom such subpoena is delivered for service to serve the same and of the witness named therein to attend such hearing. The officer serving such subpoena shall be paid therefor and the witness named therein shall be paid for attending such hearing in the same manner as if such witness had been subpoenaed in behalf of the people. (C.L. '48, § 791.240) [P.A.1953, No. 232].

▮ On the basis of Section 28.-2310 plaintiff contends he has a right to a public hearing. A careful reading of the statute, however, indicates plaintiff

does not have a right to a public hearing. He has a right only to a fair and impartial hearing; and he has the right only if the alleged violation is not " * * * the commission of, and conviction for, a felony or misdemeanor under the laws of [Michigan] * * * " M.S.A. 28.-2310.

Judge Kaess of the Eastern District of Michigan was of the same opinion when he recently considered plaintiff's petition for habeas corpus. Plaintiff advanced substantially the same theory in his petition for habeas corpus as he advanced in his complaint for damages.

Stewart v. Warden, State Prison of Southern Michigan, C.A. 30505 (D.C. E.D.Mich., 1968).[1]

Since purely legal issues are raised, an evidentiary hearing is not required in this matter. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

For the reasons stated, plaintiff has failed to state a cause of action upon which relief can be granted under the Civil Rights Act.

Accordingly, defendants' motion to dismiss must be granted. Rule 12(b) (6), Federal Rules of Civil Procedure.

I. Cf. Judge Celebrezze's dissent in Rose v. Haskins, supra, footnote 14 and associated text.