James Franklin DUNN, Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, California Adult Authority, et al., and L. S. Nelson, Warden, Appellees.

No. 22301.

United States Court of Appeals
Ninth Circuit.

Oct. 8, 1968.

This Court has jurisdiction under Title 28, United States Code, Section 2253.

Appellees' motion to dismiss the appeal on the ground of mootness because appellant is now on parole is denied for the reason that absent the revocation of appellant's parole in 1964, of which revocation appellant complains, appellant would now be free of any technical custody under parole as his State sentence as originally fixed would now have expired. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

Appellant contends he is entitled to a writ for the reason that his parole revocation by the California Adult Authority, hereinafter Authority, in 1964 was invalid. Such revocation was made on two grounds: first, that appellant had been using dexedrine, a dangerous drug, in violation of a condition of parole; and second, that appellant had possession of marihuana, also in violation of a condition of parole. His contention that he has not violated his contract of parole while the Authority has violated the contract is but another way of stating that revocation as to him had no valid basis.

The pertinent facts concerning the revocation are as follows. In May of 1963 the Authority decided not to revoke appellant's parole for a violation of a condition thereof, to wit, the use of dexedrine tablets within the month previous; in November of 1963 he and his female roommate were arrested for possession of marihuana; the woman pleaded guilty to the charge of possession and stated that petitioner knew nothing about the marihuana. The criminal action concerning the marihuana was dismissed as to him at the time of the woman's plea of guilty on motion of the prosecutor. On December 12, 1963, he was charged with parole violations by the use of the dexedrine mentioned and by having possession of such marihuana. He pleaded guilty to the charge of using

James F. Dunn, in pro. per.

George R. Nock (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen. of Cal., John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for appellees.

Before HAMLIN and MERRILL, Circuit Judges, and WHELAN *, District Judge.

WHELAN, District Judge:

Appellant, a State prisoner now on parole, appeals from an order of the District Court denying his petition for writ of habeas corpus. At the time of filing the petition and at the time of the denial appellant was in a State prison.

* Hon. Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

dexedrine and not guilty to the charge of possessing marihuana.

Appellant contends that the dismissal of the criminal case involving marihuana as to him made it impossible for the Authority legally to revoke his parole for possessing the marihuana involved in such case; he contends further that the Authority having once determined not to revoke his parole because of the use of dexedrine cannot now again consider the same as a ground for revoking parole.

A State prisoner's right to parole is not one of the rights protected by the United States Constitution. As stated in Eason v. Dickson, 390 F.2d 585, 589 (9th Cir. 1968), "The federal courts have already found that the California provisions for parole revocation do not present a substantial federal constitutional question." The Authority may revoke parole on such evidence as it determines is reasonable unless such action is arbitrary or capricious; where, as here, the action is not arbitrary or capricious, there is no constitutional question raised. Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967). There was here sufficient evidence upon which to revoke appellant's parole on the basis of possession of marihuana,[1] where, as here, he had not been acquitted of such charge. The Authority also could revoke on the charge of the use of dexedrine, to which charge appellant pleaded guilty. Double jeopardy is not applicable to parole revocation proceedings. Appellant's mere conclusionary allegation that his revocation of parole was arbitrary and capricious does not raise a constitutional question. Williams v. Dunbar, supra, at p. 506.

Appellant's further contention that the District Court erred in denying him an evidentiary hearing is rejected for the reason that the record below makes it clear that his parole revocation was proper.

 Appellant below contended he had been denied due process because he was denied the right to have counsel and confrontation of witnesses against him in the revocation proceedings. He has abandoned this claim on appeal. However, had he not so abandoned, this contention is without merit. There is no federally protected constitutional right to counsel or confrontation of witnesses in a parole revocation proceeding. Eason v. Dickson, 390 F.2d 585 (9th Cir. 1968); Williams v. Dunbar, supra; Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 239 (1963).

The order of the District Court denying the petition for the writ of habeas corpus is affirmed.

---

[1]. Conduct other than conviction of crime can properly be the basis for revocation of parole. Wilson v. Gray, 345 F.2d 282 (9th Cir. 1965). Parole can be revoked where the evidence indicates a violation of parole. Williams v. Dunbar, supra, 377 F.2d at p. 506.