411 F.2d 1222
 Donald R. HEAD, Appellant,
v.
A. CHAVEZ, Chairman, California Adult Authority, California
Adult Authority Members, Adult Authority Representatives, R.
K. Procunier, Director, California Department of
Corrections, Thomas C. Lynch, et al., Appellees.
 No. 22889.
 United States Court of Appeals Ninth Circuit.
 May 29, 1969.
 
 1
 Donald R. Head, in pro. per.
 
 
 2
 Thomas C. Lynch, Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Edsel W. Haws, Deputy Atty. Gen., Sacramento, Cal., for appellees.
 
 
 3
 Before BARNES and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.
 
 JAMESON, District Judge:
 
 4
 Appellant, a California state prisoner, seeks a declaratory judgment and injunctive relief under the Federal Declaratory Judgment Act, 28 U.S.C. 2201, alleging jurisdiction under the Civil Rights Act, 42 U.S.C. 1983 and 28 U.S.C. 1343(3), (4). This appeal is from the district court's dismissal of the action for failure to state a claim upon which relief can be granted.[1]
 
 
 5
 Appellant was committed in August, 1961, by the Superior Court of Los Angeles County for the offense of selling narcotics, to serve an indeterminate sentence of from five years to life. On February 25, 1965, the California Adult Authority fixed his term at eight and one-half years and granted parole effective in May, 1965.
 
 
 6
 On December 29, 1965, appellant was found guilty of attempted robbery and sentenced to 240 days in the county jail. His parole was cancelled and on June 24, 1966, he was received at San Quentin prison as a parole violator to finish his term.[2]
 
 
 7
 Parole violation charges were filed on March 28, 1966, alleging six counts. A hearing was held on July 11, 1966, before two hearing representatives of the California Adult Authority. Appellant admitted three counts of the alleged violations, the hearing representatives found him guilty of two counts, and the sixth count was dismissed. Parole was revoked. A review panel of two members of the California Adult Authority approved the action of the hearing representatives.
 
 
 8
 Appellant alleged in his complaint that Section 5076.1 of the California Penal Code requires the presence of a member of the California Adult Authority at all parole revocation hearings;[3] that the hearing of July 11, 1966, was conducted by two hearing representatives without a member of the Board being present, in violation of the statute; and that accordingly appellant was denied due process in violation of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. Appellees contend, inter alia, that the allegations of the complaint do not establish a substantial federal question. We agree.
 
 
 9
 This court has held repeatedly that 'the California provisions for parole revocation do not present a substantial federal constitutional question'.[4] Eason v. Dickson, 9 Cir.1968, 390 F.2d 585, 589; Dunn v. California Department of Corrections, 9 Cir.1968, 401 F.2d 340, 342. Here the alleged violation of state law relates solely to state revocation procedures. There is no allegation that the decision of the California Adult Authority 'was arbitrary or capricious'; nor are any facts alleged which might afford a basis for this contention.[5] See Williams v. Dunbar, 9 Cir.1967, 377 F.2d 505, 506. The allegations of the complaint, if true, would not establish the deprivation of any constitutional rights.
 
 
 10
 The judgment of dismissal is affirmed.
 
 
 
 *
 Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation
 
 
 [1]
 The motion, filed pursuant to Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure, has attached thereto as exhibits copies of the records of the state court and California Adult Authority
 
 
 [2]
 The record contains a certificate of action of the California Adult Authority denying parole on June 6, 1967, and scheduling another hearing in June 1968. Appellees' brief indicates that parole was denied at the June, 1968, hearing and that appellant was scheduled to appear again before the Authority in April, 1969, for fixing of term and parole consideration
 
 
 [3]
 Appellees contend that this is not required by 5076.1 as amended in 1963 and 1965, and that there was a full compliance with this section as amended. It is unnecessary to consider this question in view of our conclusion that the complaint does not present a substantial federal question
 
 
 [4]
 There is no charge that the California Adult Authority acted 'without information, fraudulently or on mere personal caprice when revoking parole'. See n. 4, Eason v. Dickson, 9 Cir., 390 F.2d 585, 589
 
 
 [5]
 Moreover, appellant does not contend that he did not violate the conditions of parole. On the contrary, he admitted at the hearing three of the charges, including the commission of an attempted burglary. On appellant's own admissions, parole could properly be revoked