**John Lyle MEAD, Appellant,**

v.

**CALIFORNIA ADULT AUTHORITY,**
**Appellee.**

**No. 23413.**

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1969.

.Frederick P. Furth (argued), San Francisco, Cal., for appellant.

James A. Aiello (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen.,

Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and KILKENNY,* District Judge.

PER CURIAM:

Appellant, a California parolee, appeals from an order of the District Court denying his petition for a writ of habeas corpus. Appellant contended below and here contends that the appellee's revocation of his parole violated his constitutional rights because one of the conditions of parole, for violation of which his parole was revoked, was void and because he was not afforded counsel at the time his parole was revoked.

 Appellant was released on parole on December 1, 1967, upon conditions, among others, that he submit monthly reports to his parole officer and that he not enter Marin County, the county which had been his home and in which his wife was residing. Appellee revoked his parole on February 9, 1968, *inter alia,* for failing to submit his monthly report and for his entry into Marin County. We assume, without deciding, that a condition of parole that the parolee not enter the county of his residence is void (*Cf.* People v. Blakeman, 170 Cal.App.2d 596, 339 P.2d 202 (1959); In re Scarborough, 76 Cal.App.2d 648, 173 P.2d 825 (1946)). But neither the imposition of a void condition of parole nor the finding that a parolee violated a void condition creates any constitutional issue where, as here, grounds other than violation of the void condition support revocation of parole. A constitutional question is presented only if the action of the Adult Authority is arbitrary and capricious. (Dunn v. California Department of Corrections 401 F.2d 340 (9th Cir. 1968)). When a parolee has been found in violation of valid conditions of parole, the revocation of parole is not arbitrary and capricious and it does not become so simply because the Authority

also found that he violated a void condition.

 Appellant did not have a constitutionally protected right to counsel to represent him at the state parole revocation proceeding. (Williams v. Patterson 389 F.2d 374 (10th Cir. 1968)).

The order is affirmed.