**Elsworth L. MASON, Petitioner,**

v.

**Harold V. FIELD, Superintendent, Respondent.**

**No. 69–2551–EC.**

United States District Court
C. D. California.

Jan. 13, 1970.

Elsworth L. Mason, in pro per.

No appearance for respondent.

MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

CRARY, District Judge.

Petitioner is confined in California Men's Colony, Los Padres, California, under indeterminate sentence imposed on June 9, 1961, for second degree burglary by the Superior Court, Butte County, California, following "plea of guilty with promise of jail time." [Paragraph 6(b), petition.]

No appeal was perfected because of alleged coercion by counsel. [Paragraph 9(a), petition.]

The grounds for relief stated in paragraph 10 are:

(a) Violation of constitutional rights.

(b) Deprived of adequate counsel.

(c) Violation of the rule in Ellhamer v. Wilson, No. 46545, as stated by Judge Zirpoli, Sept. 12, 1969.

Previous Habeas Corpus petitions on the same grounds were denied by the Superior Court of Butte County and the California District Court of Appeals, but it does not appear that the issues have been presented to or passed on

by the Supreme Court of California. [Paragraph 15(b), petition.] Petitioner has not, therefore, exhausted his State remedies. Title 28, Section 2254(b), U. S.C.; and Deitch v. Maxwell, 337 F.2d 424 (6 C.A. 1964).

▇ Petitioner's complaint is based on revocation of his parole without representation by counsel. On Page 4-d of an unnumbered and undated document attached to the within petition, entitled Petition for Writ of Habeas Corpus, he states he was placed under arrest by his Parole Officer on February 27, 1968, charged with violation of parole conditions 5B (by consuming alcohol) and 11 (improper conduct with children). He states he was taken before the Parole Board and in less than ten minutes he was found to have violated his parole. He further asserts "* * * that he was not guilty of any wrongdoing nor of the violations complained." [Page 4-d.]

The Court of Appeals of this Circuit, in Dunn v. California Dept. of Corrections, 401 F.2d 340, 342 (9 C.A. 1968), states:

"A State prisoner's right to parole is not one of the rights protected by the United States Constitution. As stated in Eason v. Dickson, 390 F.2d 585, 589 (9th Cir. 1968), 'The federal courts have already found that the California provisions for parole revocation do not present a substantial federal constitutional question.' The Authority may revoke parole on such evidence as it determines is reasonable unless such action is arbitrary or capricious; where, as here, the action is not arbitrary or capricious, there is no constitutional question raised. Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967). * * * Appellant's mere conclusionary allegation that his revocation of parole was arbitrary and capricious does not raise a constitutional question. Williams v. Dunbar, supra, at p. 506."

See also Rose v. Haskins, 388 F.2d 91, 95 (6 C.A., 1968).

In Mead v. California Adult Authority, 415 F.2d 767, 768 (9 C.A. 1969), the Court says:

"Appellant did not have a constitutionally protected right to counsel to represent him at the state parole revocation proceeding. (Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968))."

The Court of Appeals, 10th Circuit, in Williams v. Patterson, 389 F.2d 374, 75 (1968), in holding a defendant had no constitutional right to appear at a parole hearing with counsel, discussed the ruling of the Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336, pointing to the fact that in that case the imposition of sentence had been suspended and the defendant placed on probation. In the Mempa case, probation, not parole, was revoked and the defendant thereupon sentenced. In the case at bar, as in the case of Williams v. Dunbar, 377 F.2d 505, 506 (9 C.A. 1967), we are not concerned with sentencing.

As pointed out by Judge Zirpoli in Ellhamer v. Wilson, No. 46545, decided September 12, 1969, U.S.D.C. N.D. Cal., at page 14 of the typed opinion:

"* * * by a mandatory policy of the Adult Authority adopted March 6, 1951, and stating in part as follows: 'When paroles are cancelled, suspended, and/or revoked, the previous action fixing term will be rescinded (except in those cases where the prisoner is already serving the maximum) and the prisoner shall be considered as serving the maximum term as prescribed in the Indeterminate Sentence Law, subject to further order of the Adult Authority * * *'."

Judge Zirpoli did hold that the defendant was entitled to be represented by counsel at the hearing on revocation of parole there involved and granted petitioner the relief sought on that issue.

▇ The indeterminate sentence laws of California have been declared constitutional on more than one occasion.

Bennett v. California, 406 F.2d 36, 38 (9 C.A. 1969), and the numerous cases there cited.

For the reasons noted above the within petition for Writ of Habeas Corpus is denied without prejudice to petitioner's seeking relief from the Supreme Court of California.