**J. A. WORLEY, Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, John J. Callen, Regional Administrator, and Joseph A. Spangler, Administrative Assistant, et al., Appellees.**

No. 25492.

United States Court of Appeals, Ninth Circuit.

Oct. 19, 1970.

J. A. Worley, in pro. per.

Thomas G. Lynch, Atty. Gen. of Cal., San Francisco, Cal., for appellees.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the District Court dismissing appellant's Civil Rights action (28 U.S.C. § 1343; 42 U.S.C. §§ 1981, 1983) on the grounds that the complaint stated no claim.

Worley is a prisoner in a California penal institution. In his complaint he sought damages and equitable relief against several members of the California Department of Corrections. Accord-

ing to the facts alleged in his complaint, he was convicted of robbery in the second degree (Cal.Pen.Code §§ 211, 211a) and was sentenced under the California Indeterminate Sentence Law for the terms prescribed by law—one year to life. Cal.Pen.Code §§ 213, 1168. He was released on parole by the California Adult Authority, but on December 14, 1968, he was returned to prison as a parole violator, his parole was revoked by the California Adult Authority and his term of imprisonment, by virtue of Adult Authority Resolution 171, was automatically refixed at the maximum— life.[1]

Worley made several constitutional challenges in his complaint and his brief on appeal, which we read together, against the Adult Authority. The most salient of these challenges are: to revoke his parole without a judicial type hearing constituted a denial of due process;[2] to "refix" his sentence at the maximum constituted double jeopardy;[3] Adult Authority Resolution 171 constitutes a bill of attainder.

 The constitutionality of the California Adult Authority parole revocation procedure is well settled. Eason v. Dickson, 390 F.2d 585 (9th Cir. 1968), cert. den. 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373; Williams v. Dunbar, 377 F.2d 505 (9th Cir. 1967), cert. den. 389 U.S. 866, 88 S.Ct. 131, 19 L.Ed.2d 137. As this is the sole basis of appellant's complaint, we agree with the District Court that no claim was stated and that there was no deficiency in allegations that could be overcome by amendment. See, Armstrong v. Rushing, 352 F.2d 836 (9th Cir. 1965).[4]

Affirmed.

1. The California Adult Authority originally fixed Worley's term of sentence at six years.

2. Worley asked for equitable relief against the enforcement of Cal.Pen.Code §§ 3060, 3063.

3. Worley asked for equitable relief against the enforcement of Cal.Pen.Code § 3020.

4. Any claim for monetary damages which the complaint suggested is frivolous; it is also well settled that state parole board members, while acting within the scope of their employment, are immune from damage suits under the Civil Rights Act. Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968).