Abe **LINCOLN**, Plaintiff-Appellant,

v.

The **CALIFORNIA ADULT AUTHORITY** et al., Defendants-Appellees.

No. 24470.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1970.

Abe Lincoln, in pro. per.

Thomas C. Lynch Atty. Gen., Edsel W. Haws, Joel S. Primes, Deputy Attys. Gen., Sacramento, Cal., for defendants-appellees.

Before BROWNING, DUNIWAY and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Lincoln appeals from a judgment dismissing his Civil Rights action (28 U.S. C. § 1342; 42 U.S.C. §§ 1981, 1983) on the ground that the complaint fails to present a substantial federal question. We affirm.

Lincoln is a California prisoner. He seeks damages[1] and injunctive relief[2] against the California Adult Authority's members, representatives and agents. He also asks to have a three judge court convened to determine the constitutionality of Adult Authority Resolution 171 and Cal.Penal Code, §§ 1168, 3020 and 5077 as applied to him. He alleges that he was convicted of first degree robbery (Cal.Penal Code, § 211) in 1948 and was sentenced under the California Indeterminate Sentence Law for the term prescribed by law—five years to life. Cal. Penal Code, §§ 213, 617, 1168. In May, 1953, the Authority fixed his term at 8 years, which would mean a release date of May 29, 1956. He was paroled in June, 1954. He was picked up as a parole violator, his parole was suspended, and his term was re-fixed at life on January 23, 1956. The term was re-fixed pursuant to Resolution 171, adopted March 6, 1951. It provides that "effective April 1, 1951, when paroles are cancelled, suspended, and/or revoked, the previous action fixing term will be rescinded * * * and the prisoner shall be considered as serving the maximum term * * *, subject to further order of the Adult Authority * * * this resolution shall not apply to, nor shall it affect any prisoner whose parole was or may be suspended, cancelled, and/or revoked prior to April 1, 1951." A parole suspension order is tentative, and is followed by a further and final determination by the Authority. Collins v. Klinger, 9 Cir., 1964, 332 F.2d 54, 57–58. Such a determination was made, upon notice and hearing at which Lincoln pleaded guilty to parole violation, in April, 1956. The term was again re-fixed at life, the maximum. All of this occurred before the expiration of the 8-year term. Since then Lincoln's term has been fixed at a definite term, and parole granted, suspended, and revoked, and his term re-fixed at life, three different times. He is now in prison, his last application for parole having been denied.

Lincoln was not present nor represented at the proceedings when his parole was suspended. He was present, but without counsel, when his parole was revoked. He alleges that he was not given adequate notice of these hearings nor confronted with witnesses or evidence.

■ The only argument that Lincoln makes that has not been disposed of in prior decisions of this court is his claim that application of Resolution 171 to him was *ex post facto.* There is nothing in the point. The Adult Authority always had power to re-fix his term if he violated his parole. Cal.Pen.C. §§ 3020, 3060. The resolution implements that Authority. Its application to Lincoln's parole violation, which occurred after its adoption, was not an *ex post facto* action, although the Authority's action fixing his term at 8 years occurred before the resolution was adopted. Nor was that application a violation of the terms of the resolution. A fair reading of it indicates only that it was not to be applied to parole revocation proceedings occurring before April 1, 1951.

■ The constitutionality of the California Adult Authority parole revocation procedure is well settled. See, e. g., Eason v. Dickson, 9 Cir., 1968, 390 F.2d 585, cert. denied, 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373; Williams v. Dunbar, 9 Cir., 1967, 377 F.2d 505, cert. denied, 389 U.S. 866, 88 S.Ct. 131, 19 L. Ed.2d 137. There is no federally protected constitutional right to counsel or to confrontation of witnesses and evidence in such a parole revocation proceeding. Mead v. Calif. Adult Authority, 9 Cir., 1969, 415 F.2d 767, 768;

---

1. He cannot recover damages; state adult authority members, while acting within the scope of their employment, are immune from damage suits under the Civil Rights Act. Silver v. Dickson, 9 Cir., 1968, 403 F.2d 642.

2. Lincoln's complaint also seeks release from imprisonment, but his action cannot be treated as a petition for writ of habeas corpus because the record fails to establish that he has exhausted his state remedies. Darcy v. Teets, 9 Cir., 1956, 232 F.2d 732.

Dunn v. Calif. Dept. of Corrections, 9 Cir., 1968, 401 F.2d 340, 342. The sole basis of appellant's complaint was the constitutionality of the California Adult authority's parole revocation procedures, and there was no deficiency in allegations that could be overcome by amendment. Worley v. Calif. Dept. of Corrections, 9 Cir., 1970, 432 F.2d 769.

Appellant's allegations did not present a substantial constitutional question; therefore a three-judge court was not required. Eason v. Dickson, *supra*, 390 F.2d at 588–589.

Affirmed.