**Jacinto Serna TRUJILLO, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 71-2212.

United States Court of Appeals, Ninth Circuit.

Feb. 7, 1972.

John Alan Montag, Los Angeles, Cal., for plaintiff-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Chief Crim.Div., R. Michael Bruney, Asst. U. S. Atty., San Diego, Cal., for defendant-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from an order denying a petition for postconviction relief which was filed pursuant to 28 U.S.C. § 2255. Petitioner was found guilty by a jury of two counts charging violations of 21 U.S.C. § 174. No appeal was taken from the judgment of conviction or imposition of sentence. Three years later the present § 2255 petition was filed asserting "that petitioner was insane during the course of the criminal proceedings, being mentally incompetent so as to render him unable to properly assist counsel in his own defense."

While some factual allegations were recited in the petition the trial court found them insufficient to support the conclusory allegation that petitioner was insane at the time of trial, and we agree. There is no allegation that either petitioner or his attorney ever called to the attention of the trial court that petitioner was not mentally competent to assist in the conduct of his trial or to understand the nature of the proceedings. No affidavits or supporting documents were filed. The court thereupon denied the petition as being insufficient on its face, but granted petitioner thirty days in which to amend the petition and directed that he file affidavits supporting what factual allegations had been made if the amended petition were filed. *See* Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Oliver v. United States, 398 F. 2d 353, 355 n. 5 (9th Cir. 1968).

Instead of filing an amended petition, on October 2, 1969, thirty-six days after the entry of the order denying petition with leave to amend, petitioner filed a notice of appeal. On October 16, 1969, the trial court entered an order that the action be dismissed for failure to file the amended petition. We consider the notice of appeal as a premature, but effective, appeal from the final order of dismissal. Eason v. Dickson, 390 F.2d 585, 588 (9th Cir. 1968).

A review of the record convinces us that the claim as filed was without merit and that no evidentiary hearing was required. Sanders v. United States, *supra;* Oliver v. United States, *supra.*

The judgment is affirmed.