33 F.3d 61
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric William ZESSMAN, Plaintiff-Appellant,
v.
William S. SESSIONS, Director of Federal Bureau of
Investigation; Lawrence K. York, Assistant Director,
Identification Division Federal Bureau of Investigation;
Rex Bell, District Attorney for Clark Co. State of Nevada;
John Moran, Sheriff of the Las Vegas Metropolitan Police
Department, Defendants-Appellees.
 No. 93-16485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric William Zessman appeals pro se the dismissal of his civil rights action. Zessman argues that his complaint states a cause of action under 42 U.S.C. Sec. 1983 because the maintenance and use of arrest records on charges that were dismissed violates the Fifth Amendment's double jeopardy clause. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Factual Background
 
 
 4
 Zessman's criminal record includes a 1976 conviction for second degree murder and a 1983 conviction for forgery. In 1990, while on parole, Zessman was arrested twice on firearm offenses, but one charge was dismissed and the other was not prosecuted. In 1991, the firearm arrests were listed in a parole violation report. Records maintained by Nevada and the Federal Bureau of Investigation reflect the arrests and dispositions.
 
 
 5
 Zessman filed this civil rights action against two state and two federal defendants and alleged that his constitutional rights are violated by the maintenance of the records of arrests for which no charges were brought. Citing the inclusion of the arrests in his 1991 parole revocation report as an example, Zessman alleged that he is "being tried over and over and over for those criminal charges which have been dismissed."
 
 
 6
 The district court dismissed the action for failure to state a claim for relief because double jeopardy does not attach to parole revocation proceedings.
 
 II
 Jurisdiction
 
 7
 We must first examine our jurisdiction. The two state defendants filed a motion to dismiss and the district court granted that motion. The judgment purported to dismiss the complaint "as to all Defendants with prejudice." Zessman filed a notice of appeal from that order. Subsequently, the federal defendants filed their own motion to dismiss. When Zessman failed to respond, the district court entered an order dismissing the action as to the United States.
 
 
 8
 Zessman appealed from an order that disposed of less than all the defendants. That order did not contain the requisite Fed.R.Civ.P. 54(b) certification and, therefore, was not a final order. See Baker v. Limber, 647 F.2d 912, 916 (9th Cir.1981) (Rule 54(b) provides that an order adjudicating the rights of fewer than all the parties is not final unless the district court expressly determines that there is no just reason for delay and expressly directs entry of judgment). Nonetheless, because the district court subsequently disposed of the remaining defendants, we have jurisdiction. See id. (although judgment was not final under Rule 54(b) at the time of appeal, jurisdiction existed because the case subsequently had been reduced to final judgment against the remaining defendants).
 
 III
 Double Jeopardy
 
 9
 Zessman contends that the district court erred by dismissing his action because he has stated a claim upon which relief can be granted. We disagree.
 
 
 10
 We review de novo the dismissal of a complaint for failure to state a claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). All factual allegations are taken as true and dismissal may be based on the lack of cognizable legal theory. Id. To state a cause of action under Sec. 1983, a plaintiff must show that a person acted under color of state law to deprive plaintiff of a federal constitutional or statutory right. Id. Double jeopardy does not apply to parole revocation proceedings. Dunn v. California Dep't of Corrections, 401 F.2d 340, 342 (9th Cir.1968); accord United States v. Clark, 984 F.2d 319, 320 (9th Cir.1992).
 
 
 11
 Because parole revocation is remedial and uses a lower standard of proof than a criminal prosecution, Standlee v. Rhay, 557 F.2d 1303, 1306 (9th Cir.1977); Dail v. State, 96 Nev. 435, 440-41 (1980) (probation can be revoked on less than beyond a reasonable doubt standard and conviction is not a precondition to revocation), Zessman's parole could have been revoked on the 1990 firearm incidents even if he had been tried and acquitted of the charges, see Standlee, 557 F.2d at 1307. It follows, therefore, that even if no charges were brought, the parole board could have used the incidents to determine if Zessman had violated the conditions of his parole without abrogating the double jeopardy clause. See id.; see also Dunn, 401 F.2d at 341-42 (no constitutional claim raised by allegations that parole had been revoked on the basis of a criminal charge that had been dismissed). Accordingly, because the maintenance of Zessman's arrest records as well as their use in parole revocation proceedings does not implicate constitutional concerns, the district court correctly dismissed the action for failure to state a cognizable legal theory upon which relief could be granted. See Balistreri, 901 F.2d at 699.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3