47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Lee SMITH, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Respondents-Appellees.
 No. 94-16512.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Lee Smith, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 petition. Smith contends the district court erred when it denied his claims that: (1) the Parole Commission's decision to revoke his parole was based upon insufficient evidence; and (2) the Parole Commission violated his rights (a) to due process; (b) to confront the witnesses against him; and (c) against double jeopardy. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 Although we review de novo, the scope of our review is narrow; so long as the decision is committed to the discretion of the Parole Commission and the Commission has not violated the Constitution, a decision by the Commission is not subject to judicial review. Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988); see also Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc).
 
 
 4
 On November 16, 1990, Smith's parole officer, Roberts, advised the Parole Commission that Smith had violated the conditions of parole by testing positive for cocaine on November 2, 1990. According to Roberts, Smith denied using cocaine but admitted he had "chipped" on heroin. Because Smith was enrolled in a drug aftercare program, Roberts recommended that the Parole Commission take no action on parole revocation at that time.
 
 
 5
 On April 4, 1991, Smith and Jenkins, a convicted felon, were arrested by Portland Police Officer Hoerauf. Smith was charged with possession of a firearm. Shortly thereafter, the Parole Commission issued a warrant for Smith's arrest charging Smith with: (1) use of dangerous and habit forming drugs; (2) possession of a firearm by a felon; (3) unauthorized possession of a firearm; and (4) association with a person having a criminal record.
 
 
 6
 At the preliminary interview conducted on May 15, 1991, Smith was represented by counsel. Officer Hoerauf appeared in person at the interview and reported that while on patrol on April 4, 1991, he saw three persons, Jenkins, Smith and an unidentified male, huddled together near the corner of an apartment complex. As Hoerauf got out of his car, Jenkins started running. Smith walked, bent down near a dumpster, and continued walking at the same stride. When Hoerauf apprehended Jenkins, Smith came up and began touching Hoerauf offensively and yelling at him. Back-up units arrived and Smith was detained by other officers. Hoerauf retraced Smith's steps and, near the dumpster, found a loaded .22 caliber pistol which was warm even though it had been raining lightly. When Hoerauf took Jenkins to jail, Jenkins protested that he should not be going to jail as the gun did not belong to him, but to Smith. When questioned on cross-examination by defense counsel at the preliminary interview, Hoerauf denied any physical assault or abuse of Smith.
 
 
 7
 Smith insisted he came around the building when Officer Hoerauf was arresting Jenkins. According to Smith, he asked Hoerauf what he was doing; the next thing he knew he was "shook down" and put into a vehicle; a short time later, Hoerauf hit him in the mouth. Smith adamantly denied that the firearm found at the scene belonged to him or that he had been near the dumpster.
 
 
 8
 Jenkins, in custody at the time of the preliminary interview, was interviewed by phone on May 14, 1991. Jenkins claimed he ran into Smith as he was coming out of a store. Smith asked him for a cigarette and began speaking to him. They had known each other in the past when they served time in the same penitentiary. Jenkins sought to flee as Officer Hoerauf approached, but he was apprehended and charged with being an ex-con in possession of a firearm. According to Jenkins, Smith was initially charged with criminal trespass but when Smith claimed the officer had hit him in the mouth, the officer then charged Smith with being an ex-con in possession of a firearm. Jenkins flatly denied ever having told Hoerauf that the firearm belonged to Smith.
 
 
 9
 After considering all three accounts of the April 4, 1991 incident, the interviewer concluded that probable cause existed as to all four charges against Smith. A revocation hearing was scheduled for July 1991.
 
 
 10
 The Parole Commission issued subpoenas for Jenkins and Officer Hoerauf. Jenkins, no longer in custody, was never served with the subpoena because United States Marshals were unable to locate him at the address provided by Smith's counsel. At the hearing, however, counsel submitted an affidavit purportedly from Jenkins which was unsigned. Officer Hoerauf did not appear at the revocation hearing but his report of the April 4, 1991 incident was considered. Although the Commission refused to subpoena documents from the Portland Police Department related to allegations that Officer Hoerauf used excessive force against minorities, Smith's counsel submitted documents concerning these allegations at the revocation hearing.
 
 
 11
 After reviewing the record, we agree with the district court that evidence in the record exists to support all four of the Commission's findings. Consequently, the Commission's decision to revoke Smith's parole cannot be characterized as "so arbitrary as to violate due process," see Wallace, 802 F.2d at 1552, and its decision to credit Officer Hoerauf's account of the April 4, 1991 incident is not subject to our review, id.
 
 
 12
 Given that Smith's counsel submitted documents to the Commission which alleged that Officer Hoerauf had used excessive force against minorities, Smith's claim that the Commission violated his due process and confrontation rights by refusing to subpoena such documents from the Portland Police Department is moot. Officer Hoerauf's absence from the revocation hearing did not violate Smith's due process and confrontation rights. Hoerauf's police report was part of the record and Hoerauf was present at the preliminary interview where he was subject to cross-examination by Smith's counsel.
 
 
 13
 Smith's contention that the Parole Commission violated his due process and confrontation rights by proceeding despite Jenkins's absence from the revocation hearing lacks merit. Jenkins's account of the April 4, 1991 incident was considered at the time of the preliminary interview. Jenkins's account of that incident was basically favorable to Smith: Jenkins denied ever telling Hoerauf that the gun belonged to Smith; Jenkins claimed that Smith was not charged with being a felon in possession of a gun until Smith complained that Hoerauf had hit him in the mouth. The Commission subpoenaed Jenkins to appear at the revocation hearing. United States Marshals made two attempts to serve Jenkins at the address provided by Smith's attorney. Smith made no request that the hearing be postponed until Jenkins could be located. Smith's counsel submitted an affidavit purportedly from Jenkins which was unsigned. There was no denial of due process or confrontation rights.
 
 
 14
 Finally, because the Double Jeopardy Clause is inapplicable to parole revocation proceedings, we reject Smith's arguments that his rights against double jeopardy were violated either because (a) the Parole Commission required that he participate in a drug treatment program and then later charged him with violating his parole based upon a positive test taken during the course of that program; or (b) the Commission had earlier declined to act against Smith based on the positive drug test on November 2, 1990. See Standlee v. Rhay, 557 F.2d 1303, 1306 (9th Cir.1977); see also Dunn v. Dep't of Corrections, 401 F.2d 340, 342 (9th Cir.1968).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3