**David Anthony DENNIS, Sr., Plaintiff-Appellant,**

v.

**CALIFORNIA ADULT AUTHORITY, the Department of Corrections, et al., Defendants-Appellees.**

No. 25747.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1972.

Robert Shuken (argued), of Mintz, Giller, Himmelman & Mintz, Oakland, Cal., for plaintiff-appellant.

Evelle J. Younger, Cal. Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before MERRILL and WRIGHT, Circuit Judges, and POWELL, District Judge.*

MERRILL, Circuit Judge:

Appellant seeks release from state custody through habeas corpus. Convicted of robbery, he was later placed on parole. Parole was then revoked. As grounds for his release, appellant contends that the proceedings resulting in revocation of parole were lacking in due process.

■ At the outset we must reject appellant's principal contentions that due process requires as an absolute that he be provided with legal counsel and the opportunity to confront adverse witnesses. The law of this circuit has been settled to the contrary. Ellhamer v. Wilson, 445 F.2d 856 (9th Cir. 1971); High Pine v. Montana, 439 F.2d 1093 (9th Cir. 1971); Lincoln v. California Adult Auth., 435 F.2d 133 (9th Cir. 1970); Mead v. California Adult Auth., 415 F.2d 767 (9th Cir. 1969); Dunn v. California Dep't of Corrections, 401 F.2d 340 (9th Cir. 1968); Williams v. Dunbar, 377 F.2d 505 (9th Cir.), cert. denied, 389 U.S. 866, 88 S.Ct. 131, 19 L.Ed.2d 137 (1967).[1]

This court, thus, has taken the position that alternatives adequate in point of fairness may well exist ⸱in routine cases, both as to a parolee's right to be represented by his own legal counsel and as to his right to confront adverse witnesses, and that it would be neither necessary nor wise to define administrative due process strictly in the precise terms of these procedural rights.

■ Questions respecting due process may still arise, however. It remains to be determined in each case whether the procedures followed by the Adult Authority were reasonably and fairly designed to enable it to ascertain whether issues existed concerning the asserted violation and to make an informed decision upon such issues. Due process requires, at the least, that the parolee be given, first, notice of the grounds asserted as basis for revocation, and, second, an opportunity to deny the factual contentions on which revocation would rest and to be heard in support of his own factual contentions. See Bearden v. South Carolina, 443 F.2d 1090, 1095 (4th Cir. 1971). To act upon anything less would be to act blindly and arbitrarily.[2]

■ The violation of which appellant was found guilty was that of operating a motor vehicle without a valid operator's license and without written consent of his parole officer. Appellant asserted that permission had been given by his parole officer and in the presence of two witnesses. The Adult Authority, according to appellant's petition, acted solely on the written report of the parole officer. Not only did it fail to confront petitioner with the officer; petitioner was "not allowed" to present the testimony of his corroborating and apparently voluntary witnesses.

In view of these allegations, we feel a question has been presented as to whether the Authority arbitrarily has refused to inform itself upon the issue of consent and has acted in disregard of what fair inquiry into the truth might disclose.

* Honorable Charles L. Powell, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

1. We have read Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) on which appellant places great reliance, as limited to hearings on revocation of probation, which constitute a stage in the judicial proceedings, and not as applying to hearings on revocation of parole, which occur after imposition of sentence has brought the judicial proceedings to an end. Eason v. Dickson, 390 F.2d 585, 588 n. 3

(9th Cir.), cert. denied, 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968).

2. While the facts recited in Eason v. Dickson, *supra* note 1, suggest a lack of due process in Adult Authority Board proceedings, those proceedings themselves were not in issue. The case involved a civil rights suit presenting a broadside attack which sought injunctive relief and damages; the issue before us was whether a substantial federal question, warranting the convening of a three-judge court, was presented by the California statutes dealing with the state's Adult Authority.

*See generally* Mead v. California Adult Auth., *supra*; Dunn v. California Dep't of Corrections, *supra*.

It appears from the record, however, that appellant had been arrested for operating a car with a suspended license, had pleaded guilty to the lesser charge of operating a car without a valid license and had been fined. Thus, clearly and beyond dispute, appellant had violated the conditions of his parole. Refusal to listen to his witnesses under these circumstances did not offend due process.

Affirmed.