Byron Milton **WILBURN**, Petitioner-Appellee,

v.

Warden L. S. **NELSON** et al., Respondents-Appellants.

No. 71-1135.

United States Court of Appeals, Ninth Circuit.

March 2, 1972.

---

\* Judge Ainsworth took no part in the consideration and decision of the Petition for Rehearing and for Rehearing en banc.

violation and to make an informed decision upon such issues." Dennis v. California Adult Authority, 456 F.2d 1240 (9th Cir., 1972). *See* Ellhamer v. Wilson, 445 F.2d 856 (9th Cir. 1971), and cases cited there.

■ Measuring petitioner's pleading against this standard, we conclude that he failed to allege facts demonstrating that assistance of counsel was an essential element of due process in this case. The order granting the writ is therefore reversed.

Evelle J. Younger, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for appellants.

Ackeret & Colteaux, San Rafael, Cal., for appellee.

Before MERRILL, KOELSCH, and BROWNING, Circuit Judges.

PER CURIAM:

Petitioner, a California prisoner, applied for a writ of habeas corpus on the ground that he was denied due process by the failure of the California Adult Authority to provide him with assistance of counsel at his parole revocation hearing. The district court granted the writ 323 F.Supp. 585. The Warden appealed.

■■ It is the position of this court that as a general rule assistance of counsel is not an essential element of due process in such a proceeding because "alternatives adequate in point of fairness may well exist in routine cases." The ultimate test in each case is "whether the procedures followed by the Adult Authority were reasonably and fairly designed to enable it to ascertain whether issues existed concerning the asserted