**Charles G. M'CLARY, Petitioner-Appellant,**

**v.**

**CALIFORNIA ADULT AUTHORITY, CALIFORNIA DEPARTMENT OF CORRECTIONS, Respondent-Appellee.**

**No. 72–1319.**

United States Court of Appeals, Ninth Circuit.

July 24, 1972.

Rehearing Denied Aug. 28, 1972.

Robert W. Peterson, University of Santa Clara Law School, Santa Clara, Cal., for appellant.

Evelle J. Younger, Atty. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., Karl J. Usbel, Robert R. Granucci, Deputy Attys. Gen., Doris H. Maier, Asst. Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and CHOY, Circuit Judges.

HAMLEY, Circuit Judge:

In this habeas corpus proceeding Charles G. M'Clary, a California state prisoner, seeks release from penal custody on the ground that respondent California Adult Authority (Authority) revoked his parole in proceedings which denied him his rights under the Sixth and Fourteenth Amendments. Specifically, M'Clary urges that the Authority: (1) acted upon the basis of false and insubstantial information; and (2) denied him the right to be represented by retained counsel and to present and confront witnesses at the revocation hearing.

M'Clary was convicted of armed robbery on September 25, 1958, and was sentenced to state prison for the term prescribed by law (five years to life). The Authority paroled M'Clary on September 19, 1966. On June 21, 1968, acting upon recommendations of its Parole and Community Services Division, the Authority cancelled M'Clary's parole and ordered him returned to state prison. The Authority further ordered that M'Clary's term be refixed at the maximum until further order of the Authority.

On August 16, 1968, a hearing was held at which M'Clary's parole was re-voked. He had previously been notified of the charges against him, and his privately retained counsel had available to him copies of the parole agent's report and other documents to support the charges. M'Clary was present at the hearing and was offered the opportunity to submit evidence at the hearing. His counsel was not permitted to be present, nor was he permitted to confront and cross-examine witnesses against him.

The charges which led to the revocation of parole were that: (1) on February 28, 1968, M'Clary, who had been drinking, had gone "berserk" and had threatened his girl friend, Mrs. Leilani Anderson, (2) on April 21, 1968, he had kicked in the door of Mrs. Anderson's home, and (3) on May 11, 1968, M'Clary had threatened Mrs. Anderson and her children. With regard to the first two of these charges the revocation was supported by admissions made by M'Clary.

The third charge was supported primarily by a handwritten statement by Mrs. Anderson. In subsequent state habeas corpus proceedings, Mrs. Anderson gave testimony tending to undermine the allegations in her previous handwritten statement. She said she wrote the statement from an outline prepared by a parole agent, that it contained "a lot of exaggeration," was "pretty hysterical," and that she had lied in stating that M'Clary threatened her life.

The district court denied the petition for habeas corpus now before us on January 25, 1972, for the reasons stated at length in an opinion reported in M'Clary v. Department of Corrections (N.D.Cal. 1972). The district court opinion correctly states the law applicable in this circuit as established at the time that opinion was rendered.

Thereafter, in Dennis v. California Adult Authority, 456 F.2d 1240 (9th Cir. 1972), this court held that, in parole revocation proceedings due process requires, at the least, that the parolee be given, first, notice of the grounds asserted as a basis for revocation, and,

second, an opportunity to deny the factual contentions on which revocation would rest and to be heard in support of his own factual contentions. As noted above, petitioner was accorded these rights.

But *Dennis*, and the later decision of this court in Wilburn v. Nelson, 458 F.2d 502 (9th Cir. 1972), also announced a broad principle the application of which may, in individual cases, require more procedural safeguards for a parolee in revocation proceedings than the minimal safeguards referred to above. Said the court, in *Dennis:*

> "It remains to be determined in each case whether the procedures followed by the Adult Authority were reasonably and fairly designed to enable it to ascertain whether issues existed concerning the asserted violation and to make an informed decision upon such issues." 456 F.2d, at 1241.

■■ Under this principle it is possible that, under the circumstances of a particular case, a parolee might be entitled to the additional procedural safeguard M'Clary here urges, namely the right to confront the witnesses against him. In *Wilburn* we stated the same principle with reference to the contention that the Adult Authority had failed to provide the parolee with assistance of counsel at his parole revocation hearing. *See also,* Griffin v. California Adult Authority, 464 F.2d 602 (9th Cir. 1972); Mays v. Nelson, 464 F.2d 585 (9th Cir. 1972). The burden is upon the parolee to allege facts demonstrating that the

failure to provide a particular procedural safeguard was, under the circumstances of the case, an essential element of due process. *See Wilburn, supra; Dennis, supra.*

■ While the district court's scholarly opinion of January 25, 1972 thoroughly reviewed and correctly analyzed the law of this circuit as it existed on that date, that court has had no opportunity to evaluate petitioner's contention in the light of our more recent *Dennis* and *Wilburn* decisions. Since we regard those decisions as applicable to any proceeding pending in this court on or after January 25, 1972, we think it would be appropriate appellate procedure to afford the district court the first opportunity to consider M'Clary's petition in the light of *Dennis* and *Wilburn.*

It may be added that in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court has announced principles pertaining to parole revocation proceedings, other than the right to counsel, which were not complied with in the August 16, 1968 parole revocation proceeding here in question.[1] In our view, however, *Morrissey* is not to be applied retroactively. The Supreme Court there said:

> "The few basic requirements set out above, *which are applicable to future revocations of parole,* should not impose a great burden on any State's parole system." (Emphasis supplied.)

Reversed and remanded for further proceedings consistent with this opinion.

1. In *Morrissey*, the Supreme Court expressly reserved the question of whether a parolee is entitled to the assistance of counsel in revocation proceedings. The right to the assistance of counsel in probation revocation proceedings is now be- fore the Supreme Court in a case in which certiorari has been granted. Scarpelli v. Gagnon, 454 F.2d 416 (7th Cir. 1971), cert. granted 408 U.S. 921, 92 S.Ct. 2490, 33 L.Ed.2d 331 (1972).