**Ernest MAYS, Jr., Plaintiff-Appellee,**

v.

**Louis S. NELSON, Warden, San Quentin Prison, et al., Defendants-Appellants.**

**No. 71–1655.**

United States Court of Appeals, Ninth Circuit.

July 24, 1972.

Rehearing Denied Sept. 1, 1972.

Evelle J. Younger, Atty. Gen., James B. Cuneo, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellants.

Vivian D. Wilson, Sidney M. Wolinsky, Legal Assistance Foundation, San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH, BROWNING and ELY, Circuit Judges.

PER CURIAM:

The district court granted appellee's petition for habeas corpus, holding that in the circumstances of this case he was entitled to assistance of counsel in proceedings that resulted in the revocation of his parole by the California Adult Authority.

The district court pointed out (1) that erroneous information was submitted to the Board regarding the offense with which appellee had been charged, and (2) that verification of certain facts relevant to whether parole should have been revoked was available but was not received by the Adult Authority. Mays v. Nelson, 323 F.Supp. 587, 588–589 (N. D.Cal.1971).[1]

(1) The error regarding the charge went uncorrected because, although appellee was informed of the general allegation that he had violated a condition of his parole requiring him "to obey all municipal, county, state, and federal laws, and ordinances," he was not informed of the particular offense the Adult Authority believed he had been charged with—information counsel could have obtained. The erroneous information was contained in the report of appellee's parole officer to the Adult Authority. Under the Adult Authority's procedures, this report is usually the only information before the Adult Authority at the initial "hearing" where the decision is made to suspend parole. No testimony or other evidence is received at this "hearing"; the parolee receives no notice of the "hearing" and does not appear. There is no provision that the parolee shall be given a copy of the parole officer's report or be advised of its contents, and in this case he was not. California Interim Committee on Criminal Procedure, Parole Revocation Procedures, at 2 (1970); C.E.B., California Criminal Law Practice § 23.158 (1969); Van Dyke, Parole Revocation Hearings in California: The Right to Counsel, 59 Calif.L.Rev. 1215, 1220 (1971). A decision to suspend parole made at this initial stage is tantamount to final revocation. In an estimated 98 per cent of the cases in which suspension was ordered, parole was revoked in the subsequent revocation hearing. Comment, Parole Revocation Hearings, Pro Justicia or Pro Camera Stellata, 10 Santa Clara Law. 319, 323 (1970); Calif. Interim Committee on Criminal Procedure, Parole Revocation Procedures, *supra;* Van Dyke, *supra,* 59 Calif.L.Rev. at 1221. In subsequently revoking appellee's parole, the Adult Authority relied in part upon the erroneous belief that appellee had been charged with assault with a deadly weapon. Appellee learned of this fact only when he later secured legal assistance and his attorney obtained access to his file.

(2) Verification of mitigating facts relating to the offense, and of facts re-

1. The district court's decision was based upon the petition and the response to order to show cause, both of which were supported by attached exhibits. In substance the court's order constituted a grant of summary judgment. Appellants have not contested the factual assumptions reflected in the district court's opinion, upon which we rely.

lating to changes that had occurred in appellee's living and working arrangements, was not received because the Adult Authority declined to hear from members of appellee's family—whose written statements could have been submitted to the Authority by counsel. Members of appellee's family appeared at the initial "hearing" when appellee's case was first scheduled for consideration but, in accordance with procedures referred to above, were denied an opportunity to testify. At the subsequent revocation hearing, appellee requested and was denied assistance of counsel, the opportunity to call witnesses in his behalf and cross-examine adverse witnesses, and a written decision stating the evidence relied upon. This denial was also in accordance with the settled practice of the Adult Authority. *See* In re Tucker, 5 Cal.3d 171, 95 Cal.Rptr. 761, 486 P.2d 657, 666 (1971) (Tobriner, J., dissenting); California Assembly Interim Committee on Criminal Procedure, *supra*, at 4; Comment, *supra*, 10 Santa Clara Law. at 322–23; Van Dyke, *supra*, 59 Calif.L.Rev. at 1221. However, the Adult Authority would have received and considered a written presentation by counsel had one been offered. California Criminal Law Practice, *supra*, § 23.-159.

■ The recited deficiencies related to issues that were important to the Adult Authority's determination of whether to continue appellee on parole, as his parole officer recommended, or to revoke his parole, refix his sentence at the maximum, and return him to prison. The procedures followed by the Adult Authority in this case were not designed to be, and were not, effective to expose the critical factual issues and enable the Adult Authority to obtain the information required for their proper resolution without the assistance of counsel. The failure to provide such assistance therefore violated due process. M'Clary v. California Adult Authority, 466 F.2d 1122 (9th Cir. 1972); Griffin v. California Adult Authority, 464 F.2d 602 (9th Cir. 1972); Dennis v. California

Adult Authority, 456 F.2d 1240 (9th Cir. 1972); Wilburn v. Nelson, 458 F.2d 502 (9th Cir. 1972). *See also* Bearden v. South Carolina, 443 F.2d 1090, 1094–1095 (4th Cir. 1971).

Appellee also contends that he was denied due process because he was denied the opportunity to present favorable witnesses and to confront and cross-examine adverse witnesses, and because the Board failed to render a written decision stating the evidence relied upon. The district court expressly withheld ruling on these issues. 323 F.Supp. at 590.

■ The Supreme Court recently held that each of these procedural protections must be afforded a parolee before his parole may be revoked. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "In our view, however, *Morrissey* is not to be applied retroactively." M'Clary v. California Adult Authority, *supra*, 466 F.2d at 1124. It will apply, of course, to any new revocation hearing held pursuant to the district court's order.

Affirmed.