Jesse Lee **GRIFFIN**, Plaintiff-Appellant,

v.

**CALIFORNIA ADULT AUTHORITY,**
**L. S. Nelson, Warden, Defendants-**
Appellees.

No. 72–1006.

United States Court of Appeals,
Ninth Circuit.

July 24, 1972.

Rehearing Denied Sept. 1, 1972.

Jesse Lee Griffin, in pro. per.

Evelle J. Younger, Atty. Gen., Herbert J. Ashby, Chief Asst. Atty. Gen., Karl S. Mayer and John T. Murphy, Deputy Attys. Gen., Doris H. Mayer, Asst. Atty., San Francisco, Cal., for defendants-appellees.

Before CHAMBERS, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner, filed a petition for habeas corpus in the court below alleging that in suspending and then revoking his parole on a charge of attempted rape, the California Adult Authority violated his constitutional rights by denying him assistance of counsel and an opportunity to face his accuser.

The district court denied the petition without issuing an order to show cause or permitting amendment of the petition, on the ground that appellant's claims were barred by prior decisions of this court.

Subsequent to the district court's ruling, we pointed out that the contention rejected in our earlier holdings was only that "due process requires *as an absolute* that [the parolee] be provided with legal counsel and the opportunity to confront adverse witnesses." Dennis v. California Adult Authority, 456 F.2d 1240, 1241 (9th Cir. 1972) (emphasis added).

Thus, the law of this circuit is that assistance of counsel and an opportunity to confront adverse witnesses is not constitutionally required at every parole revocation hearing. These safeguards were not invariably essential because "alternatives adequate in point of fairness may well exist in routine cases." *Id.* Obviously, it would not follow that these protections were never required. The ultimate question in each case was "whether the procedures followed by the Adult Authority were reasona-

bly and fairly designed to enable it to ascertain whether issues existed concerning the asserted violation and to make an informed decision upon such issues." *Id.* *See also* M'Clary v. California Adult Authority, 466 F.2d 1122 (9th Cir. 1972); Mays v. Nelson, 464 F.2d 585 (9th Cir. 1972). *Cf.* Bearden v. South Carolina, 443 F.2d 1090, 1094–1095 (4th Cir. 1971).

■■ The dismissal of the petition was therefore premature. It could not be determined from the face of the petition itself that the procedures followed by the Adult Authority in this case were reasonably designed to enable the Adult Authority to ascertain whether factual issues existed concerning the attempted rape, and to make an informed decision upon such issues, without the assistance of counsel and the right to confront witnesses. Petitioner denied the attempted rape. He contended that the charge was based upon an uncorroborated letter from his landlady, who was not the alleged victim. He also alleged that he had documentary proof of his innocence but had no opportunity to present it to the Adult Authority. There was nothing before the district court to the contrary. There was nothing to show the procedures followed by the Adult Authority in this case, the inquiries it made, or the evidence available to it.

The case is remanded to the district court for further proceedings designed to develop the relevant facts by appropriate pleadings and, if necessary, by an evidentiary hearing.[1]

In view of the complexity of the issues involved, the district court may wish to consider the appointment of counsel to assist appellant in the proceedings on remand. Williams v. Craven, 460 F.2d 1253 (9th Cir. May 30, 1972).

Reversed and remanded.

---

1. The Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), is not to be applied retroactively. M'Clary v. California Adult Authority, 466 F.2d 1122 (9th Cir. 1972).

The Supreme Court expressly reserved in *Morrissey* the question whether the parolee is entitled to the assistance of counsel in revocation proceedings. 408 U.S. 471, 92 S.Ct. 2593. A closely related if not indistinguishable question is before the Court in Gagnon v. Scarpelli, 408 U.S. 921, 92 S.Ct. 2490, 33 L.Ed.2d 331, certiorari granted June 26, 1972. *See* opinion below, 454 F.2d 416 (7th Cir. 1971).