Donald Edward MOZINGO, Petitioner-
Appellee,

v.

Walter E. CRAVEN, Warden, Folsom
State Prison, Respondent-Appellant.

No. 72–1755.

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1973.

Daniel W. McGovern, Deputy Atty.
Gen. (argued), Russell Iungerich, Depu-
ty Atty. Gen., Doris H. Maier, Asst.
Atty. Gen., Edward A. Hinz, Jr., Chief
Asst. Atty. Gen., Evelle J. Younger,
Atty. Gen., Los Angeles, Cal., for re-
spondent-appellant.

Gerald F. Uelman (argued), School of
Law, Loyola University, Los Angeles,
Cal., for petitioner-appellee.

Before HAMLEY, MERRILL and
HUFSTEDLER, Circuit Judges.

PER CURIAM:

Donald Edward Mozingo, a California
state prisoner, petitioned the district
court for a writ of habeas corpus. He
complained that at a Parole and Com-
munity Service hearing, which resulted
in the suspension of his parole for en-
gaging in a bar room brawl, and in a
subsequent parole revocation hearing on
March 13, 1970, based on the same
charge, he was denied the asserted due
process right of confronting and cross-
examining the witnesses who testified
against him.

After a hearing the district court or-
dered that a writ issue unless, within
sixty days, the warden and the State of
California institute a new hearing on
these charges before the California Adult
Authority, 341 F.Supp. 296. Such a
hearing, the court ordered, must meet
the requirements of due process, "includ-
ing the right of the petitioner to the as-

sistance of counsel, to confront adverse witnesses and to present witnesses on his own behalf." The warden appeals.

Appellant has moved for an order vacating the district court order as moot and dismissing the petition. In support of this motion appellant points out that, following the revocation of parole in question, Mozingo was once more released on parole, violated the terms of the latter parole, and is now in custody as a result of the revocation of the latter parole.

At oral argument we asked counsel for appellant to ascertain whether the California Adult Authority would agree to disregard the complained-of March 13, 1970, parole revocation in the future if this court ordered the district court to vacate its judgment and dismiss the petition as moot. Counsel has reported to us that he has been unable to obtain such an assurance.

██ Because of possible prejudice to Mozingo inherent in the questioned revocation of parole, notwithstanding the subsequent parole revocation not here in question, we deny the motion that the proceeding be terminated as moot. *See* Scarpelli v. Gagnon, 317 F.Supp. 72 (E.D.Wis.1970), aff'd, Gunsolus v. Gagnon, 454 F.2d 416, 418, 423 (7th Cir. 1971), cert. granted, 408 U.S. 921, 92 S.Ct. 2490, 33 L.Ed.2d 331 (1972).[1]

Having in view the previous state court proceedings in which Mozingo sought to set aside the parole revocation in issue, we also reject appellant's contention that Mozingo has failed to exhaust his state remedies.

██ In entering the order under review, the district court relied primarily upon the decisions of this court in Wilburn v. Nelson, 458 F.2d 502 (9th Cir. 1972); and Dennis v. California Adult Authority, 456 F.2d 1240 (9th Cir. 1972). We agree with the district court that, under the circumstances of this case, the *Wilburn* and *Dennis* decisions call for a conditional grant of the writ such as was ordered in this case.[2]

---

1. Counsel for appellant cites three cases to support his contention that the challenge to the parole revocation of March 13, 1970, is moot. The most recent case, Nelson v. United States, 443 F.2d 75 (5th Cir. 1971), appears to support this proposition. However, the court in *Nelson* apparently did not consider the possible collateral consequences of the challenged parole revocation. If there were none, then *Nelson* is distinguishable from *Mozingo*. In *Mozingo*, each time parole was revoked the sentence was refixed for a longer term, thus collateral consequences continue even though he was paroled again and that parole was revoked. What we say of the *Nelson* case is also true of Blackburn v. United States Parole Board, 429 F.2d 364 (5th Cir. 1970).

    In Marchand v. Director, United States Probation Office, 421 F.2d 331, 336 (1st Cir. 1970), the court did recognize a distinction between the petitioner, who was no longer under the continuing jurisdiction of the parole board, and someone who was under that jurisdiction. Thus, *Marchand* is distinguishable from *Mozingo* because of the absence of collateral consequences in *Marchand*.

2. The basic constitutional requirements which must be satisfied as a matter of course in every parole revocation proceeding, as announced in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), are applicable to revocations of parole entered after June 29, 1972, when *Morrissey* was decided (see 408 U.S. at 490, 92 S.Ct. 2593 and are not applicable to Mozingo's parole revocation of March 13, 1970. *See* M'Clary v. California Adult Authority, 466 F.2d 1122 (9th Cir. 1972). *See also*, People v. Vickers, 8 Cal.3d 451, 105 Cal.Rptr. 305, 503 P.2d 1313 (1972). However, prior to *Morrissey*, this court held that due process requires that parole boards employ such procedures, to be determined on a case-by-case basis, as are "reasonably and fairly designed to enable it to ascertain whether issues existed concerning the asserted violation and to make an informed decision upon such issues." Dennis v. California Adult Authority, 456 F.2d 1240, 1241 (9th Cir. 1972). *See also* M'Clary, supra; Wilburn v. Nelson, 458 F.2d 502 (9th Cir. 1972). This rule of case-by-case determination, which was the basis for the conditional writ granted by the district court here, is not affected by the non-retroactivity of *Morrissey*.

Because of the subsequent parole revocation proceedings referred to above, Mozingo is not entitled to release pending the reinstituted parole revocation proceedings provided for in the district court order.

Affirmed.