**Thomas E. SLOAN, Appellant,**

v.

**Louis S. NELSON, Appellee.**

**No. 74–1258.**

United States Court of Appeals, Ninth Circuit.

Feb. 13, 1975.

**597**

David R. Mayer (argued), San Rafael, Cal., for appellant.

William McKinstry, Deputy Atty. Gen. (argued), San Francisco, Cal., for appellee.

Before CHOY and GOODWIN, Circuit Judges, and BEEKS,* District Judge.

PER CURIAM:

This is an appeal from a denial of a petition for a writ of habeas corpus. The district court held that the state proceedings which resulted in the rescission of the prisoner's future parole date did not offend the due-process demands of the Fourteenth Amendment.

Thomas E. Sloan, a long-term prisoner who had failed on parole earlier in his career, was granted a new parole date and placed in a work-release program to prepare for eventual release. After a few weeks in the work-release program, Sloan was charged with misconduct, taken before the prison disciplinary committee, and removed from work release and assigned inside the walls to the clothing factory.

Meanwhile, Sloan's alleged misconduct on work release was called to the attention of the Adult Authority, which set a hearing date to consider whether to rescind Sloan's parole release date. Because of intervening decisions of this court and of the Supreme Court upon the extent of due process required in such cases, it is necessary to set out the chronology of the material events.

On July 20, 1971, a parole date of January 3, 1972, was established for Sloan.

On November 4, 1971, Sloan appeared before the disciplinary committee on a charge of a work-release rule infraction (unauthorized absence from work). Sloan does not appear to have contended that his absence was authorized, and, while he now contends that he was not afforded due process at this committee appearance, we find nothing in the record to show that this committee hearing affected his projected release date. There is no need in this case to reach the due-process questions, if any, that may have been presented by the prison-discipline proceeding. *Compare* Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

On December 28, 1971, Sloan appeared before a hearing officer of the California Adult Authority and was then advised that according to information available to the Adult Authority Sloan was accused of assault, rape, and sodomy upon a female, allegedly committed on the day that Sloan had been reported absent from his work-release assignment. Sloan denied the charges, and the hear-

* The Honorable William T. Beeks, United States District Judge for the Western District of Washington, sitting by designation.

ing was continued until January 20, 1972. After the hearing on that date, the Adult Authority decided to rescind Sloan's parole plan. (The January 3 release date had, of course, passed while the matter was pending.) Sloan did not have a lawyer at the January 20 hearing, nor was he permitted to confront and cross-examine the female named in the police reports considered by the Adult Authority. Sloan was permitted to present his version of the events, and to present a letter from the victim which said she "forgave" him.

On February 15, 1972, this court decided Dennis v. California Adult Authority, 456 F.2d 1240 (9th Cir. 1972). We held that due process for parole revocation would include at least these minimum standards: notice of the grounds for revocation, and an opportunity to be heard. Sloan's January 20 hearing had satisfied the Dennis minimums.

On June 29, 1972, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), held that, in addition to the minimum standards mentioned in Dennis v. California Adult Authority, supra, a person on parole was entitled to the following: a preliminary, impartial investigation; written notice of the charges; a prompt hearing; an opportunity to testify and to present evidence and to confront and cross-examine witnesses against him (confrontation being subject to certain security and safety considerations); an impartial hearing body, and a written decision stating its grounds.

The Supreme Court gave the Morrissey standards only prospective effect. Morrissey v. Brewer, 408 U.S. at 490, 92 S.Ct. 2593; Wolff v. McDonnell, 418 U.S. at 573–574, 94 S.Ct. at 2983.[1]

It is clear that Sloan did not receive a full panoply of due process required by Morrissey v. Brewer, supra, when a parole is revoked. But it is not clear that these requirements are retroactive. If the hearing in which Sloan's parole date was rescinded did not violate federal constitutional standards then required of the states, the rescission did not become vulnerable to attack after Morrissey set higher standards.

In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the court applied the Morrissey standards to a pre-Morrissey revocation of probation. By analogy, therefore, it could be argued that a similar application should be made to a denial of parole. However, on the facts of the case at bar, the Adult Authority had a more than adequate basis for deciding that its first impression of Sloan's fitness for parole had been premature and overly optimistic. There was nothing about the procedure followed that was inherently unfair, and there is no reason to believe that if Sloan had been given an adversary hearing with Morrissey-Scarpelli standards governing the procedure, he would have been able to demonstrate that he was a fit candidate for release on parole. Moreover, the reasoning of Wolff v. McDonnell in denying retrospective effect to Morrissey and Scarpelli in a prison-discipline case would seem to apply with equal force here.

Because we have assumed for the purposes of this appeal that Sloan was entitled to due-process standards equal to those found in the Dennis case, as if Sloan's case were a parole revocation instead of a matter of prison discipline, it is not necessary in this case to speculate whether lower standards of due process would satisfy constitutional requirements when the issue is the rescission of a future parole date instead of the revocation of an existing parole. In this case, Sloan received the measure of due process then required, by either test.

The judgment denying Sloan's petition for a writ of habeas corpus is affirmed.

---

1. M'Clary v. California Adult Authority, 466 F.2d 1122 (9th Cir. 1972), discussed by the appellant, has been vacated by the Supreme Court. 412 U.S. 916, 93 S.Ct. 2737, 37 L.Ed.2d 142 (1973). Its holding that Morrissey was not intended to apply retroactively was, of course, reiterated by Wolff v. McDonnell, 418 U.S. at 573–574, 94 S.Ct. at 2983.