**Elba ORTIZ, Individually and on behalf of all others similarly situated,**
**Appellants,**

v.

**Theodore ENGELBRECHT et al.**

**No. 71-2066.**

United States Court of Appeals, Third Circuit.

Argued Jan. 16, 1973.

Decided March 2, 1973.

Theodore A. Gardner, Timothy K. Madden, Hudson County Legal Services, Jersey City, N. J., for appellants.

Virginia Long Annich, Robert A. Goodman, Trenton, N. J., for appellees.

Before ADAMS, ROSENN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this action, plaintiff, individually and on behalf of the class, seeks the convocation of a three-judge district court, pursuant to 28 U.S.C. §§ 2281 and 2284, for the purpose of having the service of process "tacking provision" of the New Jersey Statute R.S. 2A:18-54 N.J.S. declared unconstitutional and for the purpose of enjoining the defendants from employing those provisions against the plaintiff and the class represented by the plaintiff. This "tacking provision" provides that,

"... when admission to the premises is denied or the tenant or occupant and all members of his family above the age of 14 years are absent from the premises, or there is no person actually occupying them, the officer or other person may post or affix a copy of the same [notice or complaint] upon the door or other con-

spicuous part of such premises. Such posting shall be deemed to be lawful service."

In an amended complaint, the plaintiff, an indigent tenant, subject to a state dispossess default judgment, alleged that she never received any service in the state dispossess matter. The notice apparently had been tacked on the door of her apartment, pursuant to R.S. 2A:18–54 N.J.S. For reasons not completely clear, the notice had not been brought to her attention. Mrs. Ortiz further alleged that she represented a class comprised of "all citizens who might now or in the future be served with process in a summary eviction proceeding in accordance with the 'tack on' provision of New Jersey Statute 2A:18–54 and thus be threatened with the possibility of never receiving notice of the pendency of the action against them."

The district court denied the application for the convening of a three-judge court and dismissed the original and the amended complaints.

Since it is clear from the briefs and oral argument that George F. Kugler, Jr., the Attorney General of the State of New Jersey, in no way participated in the implementation of the Act in question and in no way threatens such participation, the order dismissing the complaint as to the Attorney General shall be affirmed.

However, the complaint and amended complaint do set forth a valid cause of action against the landlord and the constable. Although the landlord has advised the Court that he has no interest in contesting the complaint filed by the plaintiff, and has in fact withdrawn his dispossess proceeding, nonetheless there is a justiciable dispute between the plaintiff, perhaps as representative of an appropriate class, on the one hand, and the remaining defendants on the other hand. Thus, this dispute raises a bona fide question regarding the constitutionality of the New Jersey Act, which is state-wide in its application. Accord-

ingly, the matter will be remanded to the district court to determine first, the propriety of the class and whether an appropriate certificate should issue under F.R.Civ.P. 23, and second, whether the dispute, as set forth in the complaint and amended complaint, has become moot. *See* Indiana Employment Security Division v. Burney, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62 (U.S. Jan. 17, 1973); Washington v. Lee, 263 F.Supp. 327 (M.D.Ala.1966), aff'd 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968) (per curiam). If the district court determines that a certificate should issue under Rule 23 and that the dispute is not moot, then the district court should request that a three-judge court be convened pursuant to 28 U.S.C. § 2281 and § 2284.

Accordingly, the dismissal of the complaint by the district court will be reversed as to all defendants except the Attorney General and the case remanded to the district court for further proceeding consistent with this opinion.