**Woodrow MASON, Petitioner-Appellant,**

v.

**Ruben ASKEW, Governor of the State of Florida, et al, Respondents-Appellees.**

**No. 73–1791**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Woodrow Mason, pro se.

Robert Shevin, Atty. Gen., Tallahassee, Fla., Nelson Bailey, Stephen R. Koons, Asst. Attys. Gen., West Palm Beach, Fla., for respondents-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the order of the district court for the Southern District of Florida dismissing appellant's complaint under 42 U.S.C. § 1983 and denying a writ of habeas corpus. We grant a certificate of probable cause to appeal the denial of habeas corpus [1]; and finding no error in the action of the court below, we affirm.

Appellant, Woodrow Mason, was convicted of murder in Florida in 1955 and sentenced to prison. He was paroled in 1966; but, following his acquittal on another murder charge in 1970, Mason's parole was revoked. Contending that the parole revocation proceeding was afflicted with substantive and procedural infirmities,[2] appellant sought release from prison in a complaint filed pursuant to 42 U.S.C. § 1983. The district court held that § 1983 is not the appropriate method for testing the constitutional validity of state imprisonment and dismissed the complaint. However, the court liberally construed appellant's pro se papers as a petition for a writ of habeas corpus, and denied this relief solely on the ground of appellant's failure to utilize an available and adequate state judicial remedy.

Since appellant challenges not the conditions of his confinement, but the fact of imprisonment itself, the court below correctly held that 42 U.S.C. § 1983 could not provide the requested remedy, and that appellant's federal relief would have to come in habeas corpus. Preiser v. Rodriguez, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439.

The statute authorizing federal courts to issue writs of habeas corpus in behalf of state prisoners, 28 U.S.C. § 2254, provides in part:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

It appears from the record in this case that appellant has made no application to the state courts for release from custody. Nor does he allege that a resort to state processes would be either impossible or futile. Under these circumstances the district court was correct in denying relief at this time and sending appellant first to exhaust his remedies in the state courts. Picard v. Connor, 1971, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed. 2d 438; Nelson v. George, 1970, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578; Irvin v. Dowd, 1959, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900.[3] Appellant may, of course, return to the federal courts for

---

1. See 28 U.S.C. § 2253; Rule 22(b), Federal Rules of Appellate Procedure.

2. Appellant argues that a charge of which he was acquitted cannot form the basis of a parole revocation. He also alleges four procedural deficiencies, noting that the revocation process denied him: (1) the right to counsel; (2) confrontation of witnesses; (3) the privilege against self-incrimination; and (4) compulsory process for obtaining witnesses. See Morrissey v. Brewer, 1972, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

3. It is clear that the exhaustion requirement applies to appellant's petition even though the particular action complained of, parole revocation, was the work of a state administrative board and not a court. Preiser v. Rodriguez, supra, 411 U.S. at 489, 93 S.Ct. 1827.

an "inescapably independent judgment on federal issues," should the state system deny relief. Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731, 741. *See* United States ex rel. Davis v. Henderson, 5 Cir., 1973, 474 F.2d 1098. Our decision today does not countenance a federal refusal to hear appellant's substantial federal questions, but merely a postponement pending possibly dispositive state action.

Affirmed.