Jimmy Lee WINGARD, Plaintiff,

v.

STATE OF NORTH CAROLINA, in and for the, Attorney General, Robert MORGAN, et al., Defendants.

No. C-C-72-217.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Dec. 4, 1973.

None for plaintiff.

Jacob L. Safron, Deputy Atty. Gen., North Carolina Department of Justice, Raleigh, N. C., for defendants.

ORDER

McMILLAN, District Judge.

This is a suit under 42 U.S.C. § 1983, by Jimmy Lee Wingard, plaintiff, who is serving a prison sentence in the Shelby unit of the North Carolina prison system. He alleges that his sentences which are in fact two *consecutive* ten-year sentences and which he says should be served as such, have been improperly treated by the defendants as though they amount to one continuous sentence of twenty years' duration; that he is thereby being unlawfully denied or delayed participation in rehabilitation programs, work release, study release, honor grade status, educational training, self-improvement, parole and other advancements which inmates not under consecutive sentences may enjoy; that these wrongdoings on behalf of the prison officials in Raleigh and in Shelby have denied him due process and have subjected him to cruel and unusual pun-

ishment. He seeks relief in the form of injunction against continuation of the alleged wrongdoings by the defendants, and money damages in the sum of $100,000 plus punitive damages.

 The state in its answer asserts that the claim should be treated as a petition for habeas corpus, and that it should be dismissed for lack of exhaustion of state remedies, because it asks relief which would have the result of shortening Wingard's sentence. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Where the *only* relief sought is "immediate or more speedy release from . . . imprisonment" *Preiser* does obviously require that a prisoner's remedies be dealt with under habeas corpus and therefore that state remedies be exhausted.

This case, however, does not seem to require the *Preiser* result. There is no law or regulation of the State of North Carolina which necessarily on the alleged facts would have the consequence of bringing about a more speedy release. Eligibility for parole is not the same thing as the grant of parole itself. Furthermore, although obviously Wingard is interested in seeing daylight as soon as possible, he is also asking for some other relief which is not confined nor addressed to speedy release from prison; this other relief is participation in rehabilitation, study release, work release, due process in the handling of his claims while he is in prison, and honor grade freedom within the prison system such as other prisoners enjoy.

In other words, although the practical and most desired result of Wingard's petition is earlier release from prison, such release is not its sole aim, and there is no legal handle which he can grasp which would have the necessary legal result, on his allegations, of getting him out of prison any sooner.

It therefore appears, even though Wingard states claims which might well be made the subject of a habeas corpus proceeding, that he also states a valid claim under § 1983.

The complaint is therefore accepted and filed as a § 1983 action.

 However, the prisoner and the Shelby prison unit defendants are residents of or located in the Shelby Division of this district, and the other state defendants are residents of Raleigh, which is in the Eastern District of North Carolina; and none of the acts, deprivations or other matters complained of have taken place in this, the Charlotte Division of the Western District of North Carolina. Under 28 U.S.C. § 1391(b), venue in a non-diversity action is proper "only in the judicial district where all the defendants reside, or in which the claim arose." Under 28 U.S.C. § 1406(a) this court is authorized "if it be in the interests of justice, [to] transfer such case to any district or division in which it could have been brought."

The Clerk is therefore directed to transfer this case to the Shelby Division of the Western District of North Carolina, the division in which the plaintiff is located and in which the alleged harm was inflicted, and therefore the division in which the claim arose.