Robert Newton **GARDNER, Jr.,** Petitioner, Plaintiff and Appellant,

v.

D. J. **McCARTHY,** Superintendent, Respondent Appellee,

Raymond K. Procunier et al., Defendants Appellees.

Nos. 74–1775, 72–2929.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1974.

4. United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, (1932).

Jerald W. Newton (argued), Beverly Hills, Cal., for appellant.

Russell Iungerich, Deputy Atty. Gen. (argued), Los Angeles, Cal., for appellees.

Before CHAMBERS and CHOY, Circuit Judges, and McNICHOLS, District Judge.

## OPINION

CHAMBERS, Circuit Judge.

In No. 74–1775, the Supreme Court vacated our earlier judgment affirming the refusal to grant a writ of habeas corpus and remanded the case for consideration in light of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Gardner v. McCarthy, 412 U.S. 916, 93 S.Ct. 2737, 37 L.Ed.2d 142 (1973).

Gardner's parole was revoked in 1971, prior to the Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), requiring parole revocation proceedings to satisfy certain due process criteria. These standards, however, were expressly made applicable only to future revocation hearings. Id. at 490, 92 S.Ct. 2593. Thus although Gardner had anticipated Morrissey by himself insisting upon the rights there announced, we affirmed the denial of his petition.

Subsequently, the Supreme Court in Gagnon v. Scarpelli, supra, extended the Morrissey requirements to include representation by counsel at parole and probation revocation proceedings. This, too, Gardner anticipated in 1971. In the aftermath of Scarpelli the Court vacated the judgments in a number of cases pending before it and remanded them for further consideration. This seemed to suggest that perhaps here a result different from Morrissey should be reached on retroactivity.

■ The Supreme Court has now, however, itself given some further direction on the question, and has confirmed that the standards announced in both Morrissey and Scarpelli should be given prospective application only. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The problem is one of balance. Although the lack of counsel is related to the integrity of the fact finding process, a proper concern for the potential burden on state and federal authorities of re-determining even a minority of parole revocations, coupled with the realization that the old procedures were not utterly unreliable, compels the conclusion that the Scarpelli requirements must also be applied only to future proceedings. Wolff v. McDonnell, supra, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935.

■ Gardner's alternate contention, that his case merits a new hearing under the rule of Dennis v. California Adult Authority, 456 F.2d 1240 (9th Cir. 1972), must also be rejected. One of the charges against Gardner in the revocation hearing was that he had been convicted of assault while on parole. This was sufficient to support revocation, and the fact of conviction was not in dispute. Id. at 1242; see Mead v. California Adult Authority, 415 F.2d 767 (9th Cir. 1969).

■ No. 72–2929, consolidated with the remanded case, is Gardner's appeal from the dismissal of his complaint brought under 42 U.S.C. § 1983. In this complaint Gardner alleged the same facts as in the habeas corpus petition and asserted that they constituted a violation of his civil rights. The relief sought was release and a new revocation hearing. The Civil Rights Act may not be used to obtain this relief. Gardner's sole avenue was habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

The judgments are affirmed.