**Rodney R. HAYMES, Plaintiff,**

**v.**

**Paul J. REGAN, Commissioner, New York State Parole Board, et ano., Defendants.**

**No. 74 Civ. 4150.**

United States District Court, S. D. New York.

May 6, 1975.

Mid-Hudson Valley Legal Services Project (Monroe County Legal Assistance Corp.) Poughkeepsie, for plaintiff, by Jane E. Bloom, Poughkeepsie, of counsel.

Louis J. Lefkowitz, Atty. Gen., of N. Y., New York City, for defendant, by David L. Birch, Deputy Asst. Atty. Gen., of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This case presents the very interesting but troublesome question of the application of the Supreme Court's holding in Preiser v. Rodriguez (1973) 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439. On defendants' motion to dismiss, we must decide whether this state prisoner's civil rights complaint can be brought pursuant to 42 U.S.C. § 1983 or whether plaintiff's exclusive remedy lies with federal habeas corpus relief (28 U.S.C. § 2254). If we should decide that plaintiff is challenging "the very fact or duration of his physical imprisonment" (*Preiser*, at 500, 93 S.Ct. at 1841) *and* is seeking a determination that he is entitled to immediate or speedier release from that imprisonment, 'his complaint lies at the "core" of habeas corpus and must be dismissed for failure to exhaust available state remedies. On the other hand, if he is merely attacking the "conditions" of his confinement, or does not seek an immediate or earlier release, he may maintain this action under the Civil Rights Act.

In order to resolve this question, an understanding of the chronology of this lawsuit is necessary. On September 3, 1974, plaintiff filed a *pro se* civil rights complaint challenging on federal due process and state statutory grounds the adequacy of various parole board procedures and seeking release from custody. Several months later, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, their principal contention being that since plaintiff sought release from custody, his action was in the nature of a petition for a writ of habeas corpus and that as such, it ran afoul of the exhaustion of state remedies requirement. The defendants also moved to strike all

class action allegations in the complaint. The return date of these motions was postponed several times so as to afford plaintiff an opportunity to obtain the assistance of counsel. Having been successful in that endeavor, he filed an amended complaint on March 31, 1975 upon stipulation with defendants' attorney. As set forth in the amended complaint it is plaintiff's contention that the parole board conducted his and other release hearings in violation of the Due Process Clause and the New York Correction Law, McKinney's Consol. Laws, c. 43, §§ 212, 213 and 214, by (1) failing to consider inmates' institutional reports, (2) refusing to give inmates an opportunity to present evidence on their behalf, and (3) failing to give inmates adequate written notice of the reasons for denial of parole. Most importantly, in light of the issue now before us, plaintiff dropped his request for release from custody and seeks instead declaratory and injunctive relief only. Finally, he has moved for class action status and for a preliminary injunction.

Argument on these various motions was heard on April 11, 1975, at the conclusion of which the Court requested supplemental memoranda of law on the *Preiser* issue. With respect to the substantive claims which are the subject of the motion for a preliminary injunction, an evidentiary hearing was scheduled for three weeks later.

In *Preiser*, the Court held that when a state prisoner challenges the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate or more speedy release from that confinement, his sole federal remedy is a writ of habeas corpus. The plaintiffs in that case sought restoration of accrued good time credits, a statutory right of which they had been stripped in disciplinary proceedings which they claimed were conducted in an unconstitutional manner. Since the restoration of such credits would have automatically shortened

the duration of their incarceration by a pre-determined amount, the Court concluded that plaintiffs had stated a cause of action which lay at the "core" of habeas corpus. The Court observed, however, that if the prisoners had not sought immediate or earlier release *and* were attacking the "conditions"[1] of prison life, a cause of action under the Civil Rights Act would have lain. Similarly, if damages instead of restoration of good time credits were sought, the action would have been properly maintained as a civil rights action. *Id.,* at 494, 93 S.Ct. 1827. See also Wolff v. McDonnell (1974) 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935.

Although the original complaint in this action did seek immediate release from custody, the amended complaint dropped that demand, substituting for it a demand for a declaration that the parole board procedures were in violation of the law and an injunction directing that rehearings be scheduled. Defendants contend that despite this amendment, plaintiff's goal still is a more speedy release, by virtue of the fact that a rehearing "might" so result. All of the cases cited[2] by defendants in support of this contention are, however, distinguishable on their facts in that they involved allegations of procedural infirmities with the parole *revocation* process, coupled with a demand for immediate release or a new revocation hearing. The instant case, on the other hand, involves the parole *release* process, which distinction is crucial in the context of the issue before us. Whereas a

new revocation hearing—with all the attendant due process rights[3] afforded by recent Supreme Court decisions might very well result in the *retention* of liberty, a new release hearing—at which only the rudiments of due process need be observed—provides no guarantee of release, particularly in light of the discretionary nature of parole. *Cf.* Clutchette v. Procunier (9th Cir. 1974) 497 F.2d 809, 813. Eligibility for parole is not the same thing as the grant of parole itself. Wingard v. North Carolina (W.D. N.C.1973) 366 F.Supp. 982, 983.

Our research has revealed that most post-*Preiser* decisions have continued to interpret habeas corpus jurisdiction as encompassing only those complaints requesting, by reason of a state statute or regulation, immediate release or a pre-determined speed-up of the date of release. Johnson v. Chairman of New York State Board of Parole (2d Cir. 1974) 500 F.2d 925, vacated and remanded as moot sub nom. Regan v. Johnson (1974) 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (minimum due process requirements when discretionary parole release is denied), Clutchette v. Procunier, *supra* (minimum due process requirements for disciplinary proceedings in non-good time credit context) (dissent on basis of prolongation of prison term), Jordon v. Keve (D.Dela.1974) 387 F.Supp. 765 (due process challenge to initial prison classification decision), Wingard v. North Carolina, *supra* (prison officials misconstruing the nature of plaintiff's sentence resulted in denial or delay of participation in rehabilitation programs,

---

1. *Id.* at 499, 93 S.Ct. 1827.

2. Gardner v. McCarthy (9th Cir. 1974) 503 F.2d 733, vacated and remanded for reconsideration in light of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, 412 U.S. 916, 93 S.Ct. 2737, 37 L.Ed. 2d 142; Mason v. Askew (5th Cir. 1973) 484 F.2d 642; United States ex rel. Dereczynski v. Longo (N.D.Ill.1973) 368 F.Supp. 682, aff'd, 506 F.2d 1403 (7th Cir.); United

States ex rel. McNeil v. Schubin (S.D.N.Y. 1973) 353 F.Supp. 166.

3. Prior written notice of the charges, a reasonably prompt hearing before an impartial hearing officer, the opportunity to present evidence and cross-examine witnesses, a statement of reasons for revoking parole and of the evidence relied upon, and in some instances, the right to counsel.

parole, etc.).[4] In fact, the very case upon which plaintiff bases his substantive claim for a written statement of reasons for the denial of parole—Johnson v. Chairman of New York State Bd. of Parole, *supra*—was originally commenced as a petition for a writ of habeas corpus but construed by the Court as an application for injunctive relief under § 1983, the civil rights statute. The touchstone of habeas relief would, therefore, appear to be immediacy or certainty of release. Preiser v. Rodriguez, *supra*, 411 U.S. at 482, 93 S.Ct. 1827. Since the relief requested by plaintiff cannot result in the definite speed-up of his release and since parole procedures constitute a condition of prison life, the Court's jurisdiction properly arises under 28 U.S.C. § 1343(4) as implemented by 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254 (habeas corpus). Jordon v. Keve, *supra*, 387 F.Supp. at 768. Consequently, plaintiff need not allege the exhaustion of state remedies required by the latter statute.

■ In light of the decision in Johnson v. Chairman New York State Board of Parole,[5] *supra*, plaintiff's motion for a preliminary injunction with respect to his claim for a written statement of reasons for the denial of parole is granted. As observed by the Court (at 930) due process requires that the defendants (1) disclose in writing the release criteria observed by them and the factors considered by them in determining whether these criteria are met, and (2) state in writing the grounds for denial of parole in each case where it is denied. A similar conclusion was reached by the courts in Childs v. United States Board of Parole (D.C.Cir. 1974) 511 F.2d 1270 (74-1052—74-1142), aff'g, 371 F.Supp. 1246 (D.D.C.1973); King v. United States (7th Cir. 1974) 492 F.2d 1337 (relying on the Administrative Procedure Act, rather than on due process), Craft v. Attorney General of United States (M.D.Pa.1974) 379 F.Supp. 538; Candarini v. Attorney General of United States (E.D.N.Y.1974) 369 F.Supp. 1132; Johnson v. Heggie (D.Colo.1973) 362 F.Supp. 851; United States ex rel. Harrison v. Pace (E.D.Pa.1973) 357 F.Supp. 354;[6] Starks v. Sigler (E.D.Mich. 1973); In re Sturm (1974) (en banc) 11 Cal.3d 258, 113 Cal.Rptr. 361, 521 P.2d 97; Cummings v. Regan (1973) 76 Misc.2d 137, 350 N.Y.S.2d 119; Monks v. New Jersey State Board of Parole (1971) 58 N.J. 238, 277 A.2d 193.

■ Clearly the ambiguous oral explanation given plaintiff for the denial of parole—"Held to July 1975 Board with improved record"—fails to satisfy the standards set forth in *Johnson*.

Our decision on plaintiff's class action motion is reserved pending the outcome of the evidentiary hearing, as is our decision on the remaining substantive claims.

So ordered.

---

4. But see Baskins v. Moore (D.S.C.1973) 362 F.Supp. 187 (constitutionality of parole release procedure challenged by prisoners whose parole had been denied; since earlier release might result from due process procedures, complaint is really a habeas corpus petition).

5. Although the Supreme Court vacated as moot the judgment in *Johnson*, the principles of law set forth in the Second Circuit's opinion are still binding in this Circuit. Moreover, other courts continue to rely on the reasoning in that decision. See, e. g., Childs v. v. United States Board of Parole (D.C.Cir. 1974) 511 F.2d 1270 (74-1052—74-1142), aff'g, D.C., 371 F.Supp. 1246 (1973).

6. But see United States ex rel. Harrison v. Pace (E.D.Pa.1974) 380 F.Supp. 107.